## THE PEOPLE vs. HONEYMAN.

Upon the trial of a challenge to a juror for *principal cause*, for having formed and expressed an opinion upon the guilt or innocence of the prisoner, the challenging party cannot ask the juror when examined as a witness whether he has an *impression* as to the defendant's guilt or innocence.

Otherwise when the challenge is *for favor* on the ground of bias.

Upon challenges for favor on account of bias, although evidence that the juror has given credit to written or oral statements as to the prisoner's guilt is admissible for the consideration of the triers, the juror should not be set aside unless it is found that he has such a settled opinion that he could not render a verdict upon the evidence alone. The case of *The People* v. *Bodine*, (1 *Denio* 281,) commented on and explained.

Where an indictment for larceny charged the offence to have been committed in a vessel in the *first* ward of the city of New-York, and it appeared on the trial that it was lying in the river at a wharf in the *third* ward; *held* not a material variance.

CERTIORARI to the New-York general sessions, where the defendant, with three others, was indicted for stealing a large amount of money in bank notes. The first six counts charged the offence to have been committed in a certain tow-boat and vessel called the " Clinton," lying and being in the *first* ward of the city of New-York, in the county of New-York. The seventh

The People v. Honeyman.

count was for a simple larceny.   On the trial it turned out that
the offence was committed in a vessel lying at the wharf in the
North river in the *third* ward of the city.   The defendant in-
sisted that he was entitled to an acquittal upon the first six counts
of the indictment, on account of the variance as to the ward be-
tween the charge and the proof.   The court refused so to instruct
the jury, and the defendant excepted.

In empannelling the jury, Edward I. Roberts was challenged
by the defendant *for principal cause,* on the ground of the for-
mation and expression of an opinion as to the guilt or innocence
of the prisoner.   The challenge was denied by the counsel for
the people, and tried by the court.   The defendant called
Roberts as a witness to prove the challenge, and asked him the
following question : "Have you formed an *impression* that the
prisoner participated with Parkinson, [one of the persons indict-
ed] in the commission of the crime charged in the indictment ?"
On objection by the counsel for the people, the question was
overruled by the court, on the ground that the question should
be confined to the facts alleged in the challenge, and should be
as to the formation and expression of an *opinion.*   The defen-
dant excepted.   He then put the following question—"Is there
any *impression* on your mind as to the guilt or innocence of
the prisoner ?"   The question was overruled by the court, on the
ground that it was not a proper question on a challenge for
principal cause, though it would be on a challenge for favor.
The defendant excepted.   The juror was then challenged *for
favor* on the ground of bias against the prisoner.   The chal-
lenge was denied, and triers were appointed.   The juror was
sworn as a witness for the prisoner to prove the challenge.   After
he had been examined by the prisoner, the counsel for the peo-
ple asked him the following question : "Have you resting on
your mind any bias for or against the prisoner upon the question
of his guilt or innocence of the crime of which he now stands
charged ?"   The defendant objected to the question, on the
ground that it involved a mixed question of law and fact ; and
that it put the witness in the place of the triers, and made him
judge of the matter they were sworn to determine.   The objec

The People v. Honeyman.

tion was overruled, and the defendant excepted. The triers found that the challenge was not true, and the juror was sworn. The prisoner having been convicted on all of the counts, the case was brought up by bill of exceptions and *certiorari*, pursuant to the statute.

*D. Graham, Jr.* for the prisoner. The decisions of the court below on the trial of the challenge of the juror, were improper. (*The People* v. *Bodine*, 1 *Denio*, 281.) 2. The place where the vessel lay was matter of local description, and consequently there was a fatal variance between the proof and the charge as laid in the first six counts. (*The People* v. *Slater*, 5 *Hill*, 401.) Stealing in a vessel or dwelling house may be punished more severely than a simple larceny. (2 *R. S.* 679. § 64.)

*J. McKeon*, (district attorney,) for the people.

PER CURIAM. When one speaks of an impression upon his mind, he usually means something which does not amount to a fixed or settled opinion ; and nothing short of such an opinion will sustain a challenge to a juror for principal cause. It may do to inquire about impressions of guilt or innocence when the challenge is to the favor : but not when it is for principal cause. We see no error in the ruling of the court below upon either of the challenges to the juror.

It is hardly probable that such questions would have been raised, had it not been for the unwarrantable use which has been made of our decision in the case of *Mary Bodine*. (1 *Denio*, 281.) In that case, the circuit court failed to distinguish between challenges for principal cause, and those to the favor. All of the challenges were for favor ; and the court rejected evidence tending to show that the juror did not stand indifferent. The evidence was weak and inconclusive ; but still, as it tended to sustain the challenge, we held that it should have been received, and submitted to the consideration of the triers for what it was worth. This is no new doctrine : it is as old as the law of trial by jury. And besides, great pains were taken in that

case to guard against any such use as has since been made of the decision. It was carefully stated, that "no opinion was intended to be expressed, or even intimated, as to the sufficiency of the various grounds of challenge to the favor, which have been mentioned. That is for the triers alone to pass upon. These instances show what slight and indecisive evidence of bias is admissible ; but after all, the influence and effect of what is proved, and how far it may have affected the mind of the juror, the good sense of the triers must determine."

If we have not been sufficiently explicit already, recent events render it proper to add, that although evidence which tends to show a bias on the mind of the juror must be received, it by no means follows that the juror should be set aside by the triers for slight causes. If, for example, the juror has heard, or has read *in a newspaper, that the prisoner is guilty of the crime laid to his charge, and has given credit to the statement,* the evidence of those facts must be received ; and the triers must not be instructed, as matter of law, that they are not at liberty to reject the juror. Still, it would not be a wise or judicious act on their part to set aside the juror, unless they found that he had such a *settled opinion concerning the prisoner's guilt,* that he could not disregard what he had read or heard out of court, and render his verdict on the evidence alone. We have never said any thing, nor is there any thing in the law of jury trials, which could often render it difficult to get a jury in any county, and in any case, without much loss of time. When we changed the venue last January, in the case of Mary Bodine, to the county of Orange, it was not because we thought an impartial jury could not be obtained in the city of New-York ; but because it was agreed by the counsel on both sides that it could not be done. It is well known that jury duty in the city of New-York is somewhat burdensome ; and persons summoned as jurors for a trial which is likely to occupy a good deal of time, will be very willing to say, if it can be done truly, that they have heard or read statements, and formed opinions, concerning the prisoner's guilt. But a little sifting would probably show, and well instructed triers would undoubtedly find, that they were not

disqualified to sit as jurors.   Intelligent and right minded men, when they enter the jury box, know how to lay aside what they have heard and read out of doors, and pronounce their verdict upon the evidence, and upon that alone.

The place where the vessel lay was stated as venue merely ; and as the offence proved was in the city and county of New-York, though in a different ward from that mentioned in the indictment, the variance was not fatal.   It would have been otherwise, if the larceny had been charged as committed in a dwelling house, for that is in its nature local.   But it is not so of a ship or vessel.   The books cited in *The People* v. *Slater*, (5 *Hill*, 401,) favor this distinction.

New trial denied.