State *v.* Litch.

---

### THE STATE OF VERMONT *v.* WILLIAM B. LITCH.

#### *Indictment. Practice.*

When in an indictment the offence is alleged to have been committed at an impossible time, as, for example, on a future day, it is fatal to the pleading.

Such defect may be reached by motion in arrest of judgment, as well as by demurrer.

INDICTMENT for larceny. The respondent was tried at the
January Term, 1860,—KELLOGG, J., presiding,—and the jury
rendered a verdict of guilty as to the second count of the indict-
ment only ; the evidence upon which this conviction was had
tending to show that the offence charged in that count, was com-
mitted about the first day of November, 1857.

The indictment had been found by the grand jury at the June
Term, 1859 ; and the second count, under which the respondent
was convicted as above stated, charged the larceny to have been
committed on the first day of November, 1859.

The respondent moved in arrest of judgment, for the reason,
among others, that the count of the indictment under which he
was convicted, charged the larceny to have been committed at a
time which had not transpired when the indictment was found.

The county court overruled the motion and the respondent
excepted.

*Wm. Hebard,* for the respondent.

*R. Farnham Jr.,* State's Attorney, for the prosecution.

POLAND, J.   The indictment upon which the respondent was tried was found at the June Term, 1859.

The second count upon which alone he was convicted, charges the larceny to have been committed on the first day of November, 1859.   It is a universal principle of criminal pleading, laid down in all the books, that every issuable allegation in an indictment must be laid with a time and place.   It is not generally required that the proof should correspond with the exact time alleged in the indictment, except when the time becomes material and of the essence of the offence.   The books all agree that when the time alleged is an impossible time, as when a future day is stated, it is equally as objectionable as if no time at all had been inserted. In *State* v. *Labor*, 26 Vt. 765, it was decided that an indictment for bigamy was fatally defective in which the time of the first marriage was left blank.   This has been since provided for by statute, that in that class of indictments it shall not be necessary to set forth the time and place of the first marriage, but the general rule has not been altered.   Defects of this character are not aided by verdict in criminal cases, as they are in civil suits, but may generally be reached by motion in arrest, as well as by demurrer.   A recent statute in England, 14 and 15 Vict. C. 100 S. 25, has provided that all these mere formal technical objections shall be taken by demurrer, or motion to quash, and shall be of no avail after verdict.   The same statute provides for amending mere formal errors and defects in criminal proceedings, all which provisions are quite in advance of any legislation we have on that subject.   We hope somesimilar action will soon be taken by our own legislature, as justice is too often cheated by these mere clerical mistakes, but we are not at liberty to depart from long and well settled rules, though merely technical.

The exception must be sustained, and the judgment arrested.