## COMMONWEALTH *vs.* MARCELLA LAVERY.

On an indictment for larceny of certain chattels in a building in a specified place, and proof of larceny of them in another place, the defendant may be convicted of simple larceny, if both places are in the same county.

On an indictment for larceny of "twelve handkerchiefs of the value of six dollars," a conviction cannot be had by proving larceny of a less number of handkerchiefs of some value.

INDICTMENT for larceny. Trial and conviction in the superior court of Suffolk, before *Ames*, C. J., to whose instructions the defendant alleged exceptions, the material part of which is stated in the opinion.

*J. E. Bates*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

GRAY, J. 1. The indictment charged the defendant with larceny in a building in the city of Boston in the county of Suffolk.

The only proof was of larceny in a building in the city of Chelsea in the same county. The defendant contended that this was a fatal variance. But the jury were instructed that this proof would warrant them in returning a verdict of guilty of simple larceny, but not of larceny in a building. The defendant has no ground of exception on this point. Simple larceny is an offence not local in its nature, and the particular place in which the offence was committed is immaterial if it is in the county alleged. 1 Gabbett Crim. Law, 607. *People* v. *Honeyman*, 3 Denio, 121. *Commonwealth* v. *Tolliver*, 8 Gray, 386.

2. The indictment alleged that the defendant stole "sixty pieces of the fractional currency of the United States, each piece thereof being of the denomination and value of fifty cents; one bank bill of the denomination and value of five dollars; six towels of the value of one dollar; twelve handkerchiefs of the value of six dollars." The fractional currency and the bank bill, as well as some of the towels and handkerchiefs, but a less number of each than the number stated in the indictment, were produced in court, identified by a witness, and submitted to and examined by the jury, who were instructed that "if it was proved that the defendant stole the articles exhibited in court, and if on the evidence given, or on the inspection of the articles themselves, they found them to be of some value, it would be competent for them to find the defendant guilty;" and a general verdict of guilty of simple larceny was returned.

Upon consideration, the court is unanimously of opinion that this instruction was not sufficiently guarded. By the statutes of the Commonwealth, goods and chattels must be of some value in order to be the subject of simple larceny. Gen. Sts. c. 161, § 18. *Commonwealth* v. *McKenney*, 9 Gray, 114. No person therefore can be sentenced for stealing anything which is not both alleged in the accusation, and found by the verdict, to be of some value. This indictment does not allege that each of the towels or each of the handkerchiefs was of some value, but only that the six towels together were of some value, and the twelve handkerchiefs together were of some value. It is quite consistent with these allegations that the only towels or handkerchiefs

which were deemed by the grand jury to be of any value were those which were not produced at the trial or proved to have been stolen. The traverse jury, under the instructions given them, may have found the defendant guilty, solely by reason of thinking that the towels and handkerchiefs produced were of some value. To restate the case more particularly, the indictment and verdict do not exclude the conclusion that the grand jury were of opinion that the fractional currency, the bank bill, and some of the towels and handkerchiefs, were valuable, but that the other towels and andkerchiefs, and the only ones which were proved at the trial to have been stolen, were of no value; and, on the other hand, that the traverse jury were of opinion that the only stolen articles of any value were the towels and handkerchiefs produced in court, which the grand jury, for aught that appears, may have thought to be of no value whatever. As the defendant may therefore have been convicted, without being found guilty of stealing anything which the grand jury and the traverse jury concurred in finding to be of any value, she is entitled to a new trial. *O' Connell* v. *Commonwealth*, 7 Met. 460. *Hope* v. *Commonwealth*, 9 Met. 134.

*Exceptions sustained.*