## STATE v. BLAISDELL.

An indictment charging the commission of a burglary on a day subsequent to the time of finding the indictment, may, under our statute, be amended, on demurrer or on motion, so as to state the true date of the commission of the alledged offence, and if the indictment is not thus amended such defect will be cured by verdict.

Indictment, found at April term, 1869, alleging that Daniel H. Blaisdell, " on the second day of December in the year of our Lord one thousand eight hundred and sixty-nine at Danville in the county of Rockingham aforesaid, with force and arms, about the hour of twelve in the night time of the same day. the dwelling-house of one Elisha Quimby, there situate feloniously and burglariously did break and enter; with intent the goods and chattels of him the said Quimby, in the said dwelling-house then and there being, then and there feloniously and burglariously to steal, take and carry away;" and that he then and there stole a watch of said Quimby. Plea " not guilty." The state, without objection, introduced evidence tending to prove that an offence such as is charged was committed by respondent in December, 1868. The respondent, having been convicted, moved in arrest of judgment and that he be discharged, notwithstanding the verdict, " because the indictment is repugnant, defective and insufficient, in this, that the alleged offence of the defendant is in said indictment alleged to have been committed on the second day of December in the year of our Lord one thousand eight hundred and sixty-nine, which time has not yet arrived; and because no offence is charged in said indictment." The motion was denied, subject to exception. The state's counsel were permitted, subject to exception, to challenge one juror without showing cause. Respondent, having been sentenced, tendered this bill of exceptions which was allowed.

*Hatch,* for respondent.

*Small,* solicitor for state.

SARGENT, J.   The exception taken to the ruling allowing the state's counsel to challenge a juror without cause, must be overruled. The statute provides, Genl. Stats. ch. 233 sec. 9, that " in the trial of all criminal cases by jury, the state in addition to challenges for cause shall be entitled to two peremptory challenges," and in *State* v. *Wilson,* Rockingham county, June term, 1869, it was held that this provision of the statute was not objectionable as being unconstitutional.

It is unnecessary to cite authorities to the point, that this indictment would be bad at common law, and would have been so in th's state before our statute allowing amendments in matters of form, &c, 1 Chittys Crim. Law, 226, 2 Hawk. P. C. ch. 25, sec. 75, *State* v. *Pratt,* 14 N. H. 456, *State* v. *Litch,* 33 Vt. 67.

This last case was precisely like the present.   The indictment was found June term, 1859, and charged the offence as committed the first day of November, 1859, while the evidence showed the offence to have been committed the first day of November, 1857, defendant was convicted and then a motion in arrest of judgment and the judgment was arrested accordingly.   In the opinion by Poland, J. it is said that the books all agree that when the time alleged is an impossible time, as when a future day is stated it is equally as objectionable, as if no time at all had been inserted, which at common law is held to vitiate the indictment, though when any past time is alleged, that is held sufficient, no matter when the proof shows the offence to have been in fact committed, except in cases where the time becomes material and is of the essence of the offence.

In *State* v. *Lee Bore,* 26, Vt., 765, it was decided that an indictment for bigamy was fatally defective, because the time of the first marriage was left blank.   Subsequently the legislature provided that in that class of indictments it should not be necessary to set forth the time and place of the first marriage, but they did not alter the general rule in other cases, and it was held that such defects as this might be taken advantage of as well by motion in arrest, as by demurrer.

In civil suits all such defects are cured by verdict and upon demurrer or motion to quash amendments would be allowed. And in England, by the 14 & 15 vic. ch. 100, sec. 25, it is provided that all these mere formal technical objections shall be taken by demurrer or motion to quash and that the same shall be of no avail after verdict. It is also provided, that mere formal errors and defects may be amended in criminal as well as civil proceedings.

Judge Poland in *State* v. *Litch, supra* in referring to this legislation in England, expresses the hope that some similar legislation may soon be had there so that justice may not be cheated by such merely clerical mistakes, and the application of rules purely technical.

Now our legislature has undertaken to follow this legislation in England and has provided in Genl. Sts. ch. 242. sec. 13, that "no indictment, complaint, return process, judgment or other proceeding in any criminal case in the courts or course of justice, shall be abated, quashed or reversed for any error or mistake where the person and case may be rightly understood by the court, or through any defect or want of form or addition, and courts and justices may, on motion, order amendments in any such case."

This is placing criminal proceedings on the same basis as civil, so far as formal defects are concerned. They may be amended if objected to by respondent, or on motion of the officer for the state, and if not thus amended, then they are held to be cured by the verdict.

There would seem to be no doubt as to the result of this verdict, when we consider the broad and comprehensive terms of our statute. But we find some authorities directly bearing upon this subject.

In *Kenney* v. *State*, 5 R. Island, 385. It is held that "when the time where the offence was committed is not a constituent of the offence, the omission to state it in a criminal complaint is a defect of *form* merely."

In delivering the opinion in that case *Ames, C. J.* says, "another objection to these convictions, that no time is laid in the complaints at which the offences were committed, is not supported by the copies exhibited to us, and if it were, would not avail the applicant considering the provision of ch. 222, sec. 4 of the Revised Statutes. Time is not material to such charges as these, other than as giving legal certainty to them, and without it, the charges are defective rather *in the manner* of stating them, that is *in the form*, than in any substantial constituent of the offence, that is *in substance*. The statute provision just referred to, that "no indictment or other criminal process shall be abated or quashed for any want of form," seems to us applicable to such a defect, since we cannot see how the prisoner was prejudiced by it in his pleas or defences, or can be if arraigned a second time for the same offence."

Substantially the same doctrine is held in *State* v. *Freemen*, 8 Clark (Iowa) 428.

The time was not in this case of this substance of the offence, the statement of the time therefore was a matter of form and not of substance. If the respondent had demurred or moved to quash the indictment for that cause it might have been amended in that particular, or it might have been so amended on motion of state's counsel, but not having been amended it must be held under our statute to be cured by the verdict, and the motion in arrest must be denied. *State* v. *Goodrich*, 46 N. H. 186 ; *State* v. *Lyon*, 47 N. H. 416.