## STATE v. HAVEY.

<table>
<tr><td>58</td><td>377</td></tr>
<tr><td>70</td><td>332</td></tr>
<tr><td>58</td><td>377</td></tr>
<tr><td>72</td><td>398</td></tr>
<tr><td>58</td><td>377</td></tr>
<tr><td>74</td><td>77</td></tr>
</table>

In a prosecution for keeping spirituous liquors for sale, evidence is admissible to show that the defendant committed the offence on some other day (within the time prescribed by the statute of limitations) than that alleged in the indictment, and he may be convicted on such evidence.

Whether the state's evidence should be confined to a part of the time prescribed by the statute of limitations, is a question of fact to be determined at the trial term.

INDICTMENT, for keeping spirituous liquors for sale on the 5th day of

October, 1877. At a preceding term of court the respondent was tried twice upon this indictment, the jury failing to agree upon a verdict at either trial.

Upon the former trials, the prosecuting officer introduced no evidence tending to show a keeping of liquor for sale prior to May 1, 1877, having informed the respondent's counsel, in answer to their inquiries, that the state's evidence would be thus limited.

At this term the respondent moved the court to limit a time before the finding of the indictment to which the state should be confined in its evidence, and that said date should not be prior to said first of May. The court limited the time to one year before the finding of the bill, and the respondent excepted.

Subject to the respondent's exception, evidence was received tending to prove that he kept spirituous liquors for sale on other days within the year than the 5th day of October.

The respondent requested the court to charge the jury " that the defendant cannot be convicted unless the jury are satisfied that he did keep for sale liquors as named in the indictment, on the day or time named in the bill; and that they cannot convict for the offence, or any similar offence, committed at days and times other than that named in the bill of indictment." The court declined to charge as requested, but did charge that. if the jury found the respondent kept spirituous liquors for sale, as alleged in the indictment, on any day within the year prior to its being found, they might convict him.

The respondent excepted to the charge, and the refusal to charge as requested.

*A. R. Hatch*, for the respondent.

I. The offence for which the defendant is indicted, like that of being a common seller of liquors, etc., is continuing in its nature, and ordinarily and properly should be alleged to have been committed from such a day to such a day. It is well settled that in alleging such offences the time is material, and the evidence must be confined within the space named in the indictment. *Commonwealth* v. *Adams*, 4 Gray 28.

And upon an indictment which charges that the defendant was a common seller, or an habitual drunkard and the like, on a certain day, the evidence must be limited to that day. *Commonwealth* v. *Elwell*, 1 Gray 463; *Commonwealth* v. *Traverse*, 11 Allen 260; *Commonwealth* v. *Foley*, 99 Mass. 499; *Commonwealth* v. *Briggs*, 11 Met. 573.

Perhaps the offence of keeping for sale may be committed on a single day. So may the offence of being a common seller; but the rule of evidence is not varied by that fact. *Commonwealth* v. *Perley*, 2 Cush. 559.

It cannot be contended that by keeping for sale the same parcel of liquor any number of successive days, any more than a single offence is committed. Otherwise, by a subdivision of charges, an infinite

punishment may be inflicted for keeping for sale the same liquor one day or any limited number of successive days. The word "keeping" involves the idea of continuance. It is practically impossible to prove a "keeping for sale" unless by proof of actual sales or of offers for sale, nor without including a lapse of time in the commission of the offence. Of the same character are the offences of being a common barrator, or a scold, or keeping a disorderly house, or a gaming-house. *Commonwealth* v. *Pray*, 13 Pick. 362.

The defendant was entitled to prepare his defence according to the established rule of law applicable to a charge of this nature, and the prosecutor was bound by the limitation to a single day, which he had himself fixed in the indictment. And to the defendant also belongs the right to have this prosecution for the offence, of which his acts on the 5th of October were the whole or a part, made a bar to any future prosecution. *State* v. *Gary*, 36 N. H. 361; *Commonwealth* v. *Pray*, 13 Pick. 363.

II. The history of this prosecution shows, that, having failed in two trials to convict the defendant of any offence committed after the first of May, 1877, the prosecutor shifted his ground, and proceeded at the third trial for an offence never before intended to be charged by him or by the grand jury. We say, therefore, that the prosecutor was bound by the election made by himself and acted upon through two trials. No order of court was necessary, because the limitation was voluntarily made by the solicitor, and acted upon by both parties. It was bad faith to attempt to depart from it at the third trial. And it is by no means apparent that the defendant would have subjected himself to the cost of the first and second trials if the solicitor had originally claimed to search a whole year for evidence of the offence. The defendant so changed his condition upon the faith of the election made at the first trials, that the limitation has the force of a contract and cannot be broken.

*Harriman*, solicitor, for the state.

FOSTER, J. As there may be a sale without an offer to sell (*Williams* v. *Tappan*, 23 N. H. 385, 394), so there may be a keeping for sale without a sale or an offer to sell. Keeping spirituous liquor for sale is having possession and control of it with intent and readiness to make a sale or sales,—a combination of the means and purpose of being a vendor. It may be a long-continued practice or occupation: it may be instantaneous. It may be proved by evidence of a series of sales or other acts. Like the possession of counterfeit money with a fraudulent intent (Gen. Laws, *c.* 276, *ss.* 5, 9), it is a physical and mental condition that may cease when it has existed in violation of law but for a moment. The keeper of a single parcel of liquor, or of different parcels, may frequently discontinue and resume that state of things which constitutes the offence. It may occupy as brief a space of time as a sale; and, in its legal character, it does not differ from a

sale, or from the criminal possession of counterfeit money, in any particular that requires proof of the time alleged in the indictment. This conclusion accords with the practice and the understanding of the law that have prevailed in this state during the twenty-three years' operation of the present statute. It is, therefore, unnecessary to inquire into the soundness of the authorities cited by the defendant, which lay down the rule that time is of the essence of offences held to be continuous, or to consist of repeated acts or a course of life or conduct more or less prolonged. 1 Bishop Cr. Pr., *ss.* 248, 253; 2 *id., ss.* 956, 957.

The right of the defendant to plead a former conviction or acquittal, in bar of a second prosecution for the same offence, does not abolish the rule that he may be convicted of an offence committed at some other time than that named in the indictment. On a plea of former conviction or acquittal, he may prove the identity of the offence by parol. 1 Bishop Cr. Pr., *ss.* 296, 582; *Queen* v. *Bird*, 2 Den. C. C. 94, 199, 215.

In criminal cases the statute of limitations need not be pleaded, but may be set up as a defence upon the general issue or by demurrer. The time of the commission of the offence is so far material that the indictment must charge an offence not barred by the statute. *State* v. *Robinson*, 29 N. H. 274; *State* v. *Hunkins*, 43 N. H. 557; *State* v. *Caverly*, 51 N. H. 446; *State* v. *N. & L. R. R.*, 58 N. H. 182. And the evidence must prove such an offence, not because the time must be proved as alleged, but because the defendant cannot be convicted of an offence barred by statute. If it has been supposed in any of our cases that a statute of limitations makes the averment of time so far material as to prevent a conviction of an offence committed on any other day than that alleged (*State* v. *Robinson*, 29 N. H. 274, 278; *State* v. *Rundlett*, 33 N. H. 70, 71; *State* v. *Prescott*, 33 N. H. 212, 214), we cannot adhere to such an error.

Whether or not the state's evidence should be restricted to a part of the time prescribed by the statute of limitations is a question of fact, to be determined at the trial term. 1 Bishop Cr. Pr., *s.* 286.

*Judgment on the verdict.*

BINGHAM, J., did not sit.