## STATE *v.* WELCH.

On the trial of an indictment for the illegal sale of liquor to A, evidence of sales to B and C within a year before the first day of the term at which the indictment was found is admissible, as tending to show that the defendant was engaged in the business of selling liquor.

Evidence that D was found intoxicated on the defendant's premises within the same period is admissible for the same purpose.

INDICTMENT, for the illegal sale of cider to one Hannah J. Nason, November 20, 1887. Against the defendant's objection, the state was permitted to prove sales to one James Cole, in December, 1887, and to show by one Joseph Cole, that in June, 1887, he drank fermented cider at the defendant's premises, bought there by other persons in less quantities than ten gallons at a time; also, that on one occasion within a year before the first day of the term at which the indictment was found, a witness bought fermented cider of the defendant in less quantity than ten gallons, and within the same period had found her brother there intoxicated by cider. The jury were instructed that the evidence excepted to was competent only so far as it tended to show that the defendant was guilty of the sale to Mrs. Nason in the fall of 1887.

*F. B. Osgood,* solicitor, for the state.

*John B. Nash,* for the defendant.

BINGHAM, J.  The indictment charged an illegal sale of cider to Hannah J. Nason.  The state was permitted to prove sales to other parties in the year next preceding the first day of the term when the indictment was found.  It was competent to prove that the respondent kept cider for sale; that he was in the business. *State* v. *Shaw,* 58 N. H. 72; *State* v. *Havey,* 58 N. H. 377, 378, 379.  The evidence tended to show it.

*Exception overruled.*