## STATE v. KELLEY.

A variance between the description of a place stated in an indictment, as matter of local description, and the evidence on the trial, is fatal.

An indictment, charging that the defendant, at N. in the county of H., with force and arms did break and enter the dwelling-house of one C. "there situate," cannot be maintained if on the trial the evidence is that the house was situate in H. in the same county.

In such case, after the grand jury has been dismissed the defect cannot be cured by amendment; and s. 13, c. 260, Gen. Laws, cannot be construed to authorize amendments of indictments in matters of substance, because it would conflict with art. 15 of the Bill of Rights.

SMITH, J.   The indictment alleges that the defendant, on, etc., "at Nashua in the county of Hillsborough aforesaid, with force and arms, in the daytime of the same day, did break and enter the dwelling-house of one Mary Connell there situate, with intent," etc., and stealing certain goods and chattels specially described.   The evidence on the trial was, that the house was situate in Hudson in this county.   The defendant objected that the variance was fatal to the indictment.

There are certain crimes and offences which are not local in

their nature. The particular place in which they are committed need not be alleged, or if alleged the indictment may be sustained, although the evidence shows the offence was committed in some other place in the same county. Simple larceny and an assault are examples of this class of offences. Accordingly it was held in *Commonwealth* v. *Lavery*, 101 Mass. 207, that the defendant was, lawfully convicted of simple larceny committed in Chelsea, although the indictment charged that the larceny was committed in a building in Boston in the same county. So in *Commonwealth* v. *Tolliver*, 8 Gray 386, it was decided that the defendant was lawfully convicted of an assault committed in Chelsea, although the indictment charged the assault to have been committed in Boston.

*People* v. *Honeyman*, 3 Denio 121, was an indictment for stealing bank notes. The offence was charged to have been committed in a certain tow-boat and vessel called *The Clinton*, lying and being in the first ward of the city of New York in the county of New York. A separate count charged simple larceny. The proof was, that the vessel was lying in the third ward of the city. The court said,—" The place where the vessel lay was stated as venue merely ; and as the offence proved was in the city and county of New York, though in a different ward from that mentioned in the indictment, the variance was not fatal. It would have been otherwise if the larceny had been charged as committed in a dwelling-house ; for that is in its nature local. But it is not so of a ship or vessel. The books cited in *People* v. *Slater*, 5 Hill 401, prove this distinction."

In an indictment for an offence in its nature local, the allegation of place is a necessary part of the description of the offence, and must be proved as laid. Cases of larceny from a building, burglary, arson, entering and being in a close by night for the purpose of taking game, desecrating a burial-place, and of nuisance in a highway, are examples of this class. In *People* v. *Slater*, 5 Hill 401, the prisoner was charged with setting fire to an " inhabited dwelling-house of one Peter Lang, situate and being in a certain street called Broadway, in the sixth ward of the city of New York." It turned out in proof that the dwelling-house was situate in the fifth ward of the city. The objection on the ground of variance was held well taken, the place being stated in the indictment by way of local description and not as venue merely.

" When a place is stated as matter of local description, a variance between the description of it in the indictment and the evidence will be fatal." Arch. Cr. Pl. 41, 97, 107, 108, 264 ; 3 Chit. Cr. L. 365 ; Steph. Pl. 291 ; Rosc. Cr. Ev. 363. An indictment charged the setting fire to a certain out-house situate in the parish of W. in the county of N. The proof was that it was situate in the parish of P. in the same county. It was held that the objection on the ground of variance was well taken, and that

there was a local description given of the building which should be proved as laid. *Rex* v. *Woodward*, 1 Moody 323. Archibald, in commenting on this case, says,—"The parish is material, for it is stated as part of the local description of the house burnt, being referred to by the subsequent words 'there situate.' Therefore, if the house be proved to be situate in another parish, the defendant must be acquitted." Arch. Cr. Pl. 263. In an indictment for wrongfully desecrating a public burying-ground particularly described by metes and bounds, it was held that it was not sufficient to prove that a part of the lot described was a public burying-ground, although the acts complained of were committed upon that part. *Commonwealth* v. *Wellington*, 7 Allen 299.

It is not, perhaps, possible to reconcile all the authorities upon the point in question. But we think it will be found that the authorities generally affirm that where the place is stated, not as venue but as matter of local description, a variance between the description of it in the indictment and the evidence on the trial will be fatal.

It was necessary that the indictment should mention the dwelling-house, for the offence charged against the defendant consisted in breaking and entering it and stealing therefrom. Whether it was necessary to mention the town in which it was situate we do not decide; but the town having been mentioned as a part of the description of the dwelling-house, and it being impossible to strike out the whole averment without taking from the indictment the part essential to the allegation of the offence intended to be charged, it was necessary that the whole description should be proved as set forth.

The state was allowed to cure the defect by an amendment of the indictment, and the defendant excepted. Was the defect amendable? "No indictment . . . shall be abated . . . through any defect or want of form or addition; and courts . . . may, on motion, order amendments in any such case." G. L., *c.* 260, *s.* 13; Laws 1863, *c.* 2,724. In *State* v. *Squire*, 10 N. H. 558, the foreman of the grand jury, through accident, neglected to sign the indictment. The omission was discovered during the term after the grand jury had been dismissed and before trial. He was sent for, came into court, and by leave of court affixed his signature to the bill. After verdict of guilty, a motion in arrest of judgment was granted. The opinion in that case concludes with these words: "An indictment once found is unalterable; or, if it be amended, can only be done by recommitment to the grand jury."

In *State* v. *Weare*, 38 N. H. 314, an amendment to a criminal information was allowed. Mr. Justice *Bell*, speaking for the court, remarked as follows: "Criminal informations, which are not found upon the oath of a jury, may be amended by the court

. . . at any time before trial; and the reason assigned for the difference between indictments and informations in this respect is, that the latter are originally framed by an officer of the government, while the former are the accusations of a number of men sworn to inquire and to decide according to evidence."

In *State* v. *Goodrich*, 46 N. H. 186, the defendant was charged with the larceny of a yoke of oxen. The state moved to amend the indictment by inserting the value of the oxen. The motion was denied upon the ground that the amendment was matter of substance.

In *State* v. *Lyon*, 47 N. H. 416, the name of the owner of the goods was omitted in an indictment charging larceny of the same. An amendment inserting the owner's name was refused because matter of substance.

In *State* v. *Blaisdell*, 49 N. H. 81, where the commission of the crime of burglary was charged at a date subsequent to the finding of the indictment, and no objection was taken till after verdict, it was held on motion in arrest of judgment that the defect was cured by verdict, and that the indictment might be amended so as to state the true date of the commission of the alleged offence.

In *State* v. *Jenkins*, 64 N. H. 375, it was held that an erroneous statement in the caption of an indictment of the year in which it was found does not furnish ground for a motion to quash, but, if it be a defect, that it may be cured by amendment.

The grand jury in this case have charged upon their oaths that the dwelling-house broken into and entered by the defendant was situate in Nashua. By an amendment which has not been submitted to them, and to which they have not on the responsibility of their oaths, or in any other way, assented, they are made to charge the breaking and entering of a dwelling-house situate in Hudson. *Non constat* that Mary Connell did not own a dwelling-house in Nashua as well as in Hudson. The mistake is not a defect of form or addition, nor a want of form or addition. The words " there situate " are not words of form or addition merely which need not be proved or strictly proved, but are words descriptive of the dwelling-house, and constitute a material part of its description, and should be strictly proved as alleged.

The amendment being inadmissible, the defendant is entitled to a new trial.

*Exceptions sustained.*

CLARK, J., did not sit: the others concurred.

*J. G. Crawford*, for the defendant.

*R. M. Wallace*, solicitor, for the state.