Rockingham, }
Dec. 4, 1906. }

STATE v. KENNARD & a.

An indictment alleging that the respondent, not being a licensed dealer in intoxicating liquor, kept for sale distilled spirit, is not bad because it does not use the word "liquor" as descriptive of the offence.

A respondent's guilt is provable by evidence that the offence charged was committed on a date subsequent to that alleged and prior to the finding of the indictment.

In the trial of an indictment against several respondents, a statement of one of them, made in the absence of the others and tending to prove the guilt of all, is admissible against the declarant.

In the absence of exception, it is presumed that the jury were properly instructed as to the legitimate use of evidence submitted to them.

INDICTMENT, against three respondents for keeping for sale " one pint of distilled spirit . . . called whiskey." Trial by jury and verdict of guilty. Transferred from the April term, 1906, of the superior court by *Chamberlin*, J.

The indictment alleged that the defendants were not licensed to sell intoxicating liquor. The defendants moved to quash the indictment because the word "liquor" was not used in it as descriptive of the offence, under section 33, chapter 95, Laws 1903. The motion was denied, subject to exception.

The date of the offence as alleged in the indictment was December 1, 1905. The defendants excepted to the admission of evidence of their keeping intoxicating liquor for sale on the following day, and to the admission of statements of one of them, made in the absence of the others, bearing upon the question of their guilt.

*Charles H. Batchelder*, solicitor, for the state.

*William F. Nason*, for the defendants.

WALKER, J. The defendants are indicted for keeping for sale " distilled spirit, containing more than one per cent of alcohol, called whiskey," and it is alleged in substance that they are not licensees for the sale of liquor under the provisions of chapter 95, Laws of 1903, as amended by chapter 49, Laws of 1905. In view of the recent decision in *State* v. *Langdon*, ante, 50, it is clear that the offence described in the indictment is a violation of section 15, chapter 112, Public Statutes, as amended by section 1, chapter 122, Laws 1903, and not of section 33, chapter 95, Laws of 1903.

The defendants' exception, therefore, that the indictment does not properly allege an offence under the latter statute, is unimportant; and as no other objection was raised to the indictment, the court is not called upon to pass upon its technical sufficiency.

The exception to the admission of evidence that the defendants kept liquor for sale on the second day of December, while the date of the offence as alleged in the indictment was the first day of December, cannot be sustained. The keeping of liquor for sale after the date alleged and before the finding of the indictment was competent evidence of the defendants' guilt. *State* v. *Pratt*, 14 N. H. 456; *State* v. *Rundlett*, 33 N. H. 70; *State* v. *Havey*, 58 N. H. 377; *State* v. *Ingalls*, 59 N. H. 88; *State* v. *Perkins*, 70 N. H. 330.

If the statements of one of the defendants in the absence of the others were not competent evidence against the latter that they kept intoxicating liquor for sale, they were admissible against the former. That the jury were properly instructed as to the legitimate use to make of the evidence is presumed, in the absence of an exception to the charge of the court upon that subject. *Haskell* v. *Railway*, 73 N. H. 587.

*Exceptions overruled.*

All concurred.