Strafford,
No. 4363.

STATE *v.* LLOYD H. SKILLINGS.

Argued April 5, 1955.

Decided April 20, 1955.

*Louis C. Wyman*, Attorney General, *George F. Nelson*, Assistant Attorney General, *Elmer T. Bourque*, Law Assistant, and *John Brant*, county solicitor (*Mr. Bourque* orally), for the plaintiff.

*Robert J. Doyle* and *Bolic A. Degasis* (*Mr. Doyle* orally), for the defendant.

BLANDIN, J. The main issue before us is whether there was evidence to support the jury's verdict of guilty on the indictment charging the defendant Lloyd H. Skillings with larceny of $12,000 from the home of Sarah A. Rollins on December 13, 1949, under R. L., c. 452, s. 3, as amended by Laws 1949, c. 140, s. 1. On a previous transfer of this case we held "the evidence supporting [this] indictment was clearly sufficient to present an issue for the jury." *State* v. *Skillings*, 98 N. H. 203, 207. It would serve no useful purpose to again detail the salient testimony as was done in that opinion because in essentials it is substantially the same, with one important exception. At the first trial, a witness for the State testified he saw the defendant leaving the Rollins home with "a shopping bag." At the trial which resulted in the present transfer, he stated he saw Skillings "taking the money out of the bureau which was at the head of [Sarah's] bed," and putting it into "a shopping bag, red, white, and blue." While this was taking place, Sarah was asleep, because, according to the witness, Skillings had "doped" her by giving her a "jigger with two pills in it." When asked what he was doing, Skillings told the witness to "keep [his] mouth shut" and the next day, admonished him further, "if you think anything of your wife and children, I'd keep my mouth shut." It is apparent that the evidence relied upon to sustain the verdict of guilty on this indictment is more favorable to the State than upon the previous transfer when we held it sufficient to warrant submission to the jury, and the defendant's exception upon this ground must be overruled. *Bean* v. *Insurance Company*, 94 N. H. 342, 343.

It is claimed, however, that "if the owner or anyone else speaking with the authority of the owner will not swear that the property was lost, then ownership is not established sufficiently to prove or even establish 'Corpus Delicti.' " We find no authority nor persuasive reason in the defendant's brief or elsewhere to support this contention. It is true that cases may be cited for the proposition that evidence of nonconsent to the taking must come from the owner. But it is "well established that want of consent may be proven by circumstantial evidence if the alleged owner is dead or incompetent to testify." *Cherry* v. *State*, 120 Tex. Cr. 590. In this case Mrs. Rollins, the alleged owner, suffered a cerebral hemorrhage in November preceding the alleged theft, and died in the following April. Other evidence was therefore competent to prove the theft. In the circumstances here, it seems clear that there is no merit in the claim that the owner or someone in her behalf must complain of the theft to support the indictment for larceny, and this exception is overruled.

The defendant also argues that the Court erred in admitting in evidence a prior consistent statement of a witness for the prosecution to rehabilitate his credibility which had been attacked in cross-examination. Our law is firmly established that the admissibility of such evidence rests within the discretion of the Trial Court, and no abuse appearing, the defendant takes nothing by this exception. *Marchand* v. *Company*, 95 N. H. 422, 425, and authorities cited.

Finally, it is contended that since the indictment averred that the larceny was committed on the "thirteenth day of December," 1949, the Court was in error in charging the jury that if they found the theft occurred "on or about December 13th, 1949" they could return a verdict of guilty, provided the other essential elements of larceny were proved. This claim cannot be sustained. Our law is that in the circumstances here, where time is not an element of the crime charged, proof that the event happened on the precise day named in the indictment is not required. *State* v. *Perkins*, 70 N. H. 330, 331, 332, and cases cited; see also, *Hurd* v. *Varney*, 83 N. H. 467, 472, and cases cited. No other exceptions of merit appearing, the order is

*Exceptions overruled.*

GOODNOW, J., did not sit: the others concurred.