Hillsborough
No. 7892

THE STATE OF NEW HAMPSHIRE

v.

RALPH R. SPADE

March 31, 1978

*David H. Souter,* attorney general (*Edward N. Damon,* assistant attorney general, orally), for the State.

*Holland & Aivalikles,* of Nashua (*William E. Aivalikles* orally), for the defendant.

BOIS, J.   On February 1, 1977, a jury found defendant guilty of receiving stolen goods in violation of RSA 637:7. During trial, the

defendant took exception to the granting of the State's motion to amend the date of the offense alleged in the indictment and to certain other rulings and instructions of the Court. All questions of law raised by these exceptions were reserved and transferred by *Flynn*, J. We affirm.

The original indictment read in part as follows:

> Ralph R. Spade . . . on the thirtieth day of April in the year of our Lord one thousand nine hundred and seventy six . . . did knowingly receive a 1976 Ford, 4 wheel drive pickup, color brown, VIN F26YEA52573, . . . believing that it had probably been stolen and with a purpose to deprive the owner thereof . . . .

At trial, after the State had put in its case, it moved to amend the indictment so that the crime was alleged to have occurred "on or about February 27, 1976," instead of April 30, 1976. The court ruled that formal amendment was unnecessary because the court would instruct the jury that the time of the alleged crime was important only to the extent that "the defendant would have to believe the vehicle was probably stolen at the time he received it."

On the second day of trial, after the defendant began his case in chief, the court again heard the State's motion to amend the indictment. When the defendant asserted that the amendment would require him to formulate a new defense, the court suggested that proceedings be postponed for one day to permit the defendant to revise his trial strategy. The defendant protested that one day would be insufficient and indicated that a continuance of at least three or four weeks would be necessary. This request was denied; the court granted the amendment, subject to objection and exception.

The defendant's first claim is based on both the allowance of the amendment and the court's instruction to the jury that: "You may find the defendant guilty if you are satisfied beyond a reasonable doubt that the defendant committed the crime charged in the indictment, even though you are not satisfied that the defendant committed it on the particular day alleged in the indictment." The defendant contends that the date on which stolen goods were allegedly received is an essential element of the crime and that the date specified in the indictment may not be altered except by a reconvened grand jury. We reject this argument.

Courts have generally held that if time is not of the essence of an offense charged, an erroneous or defective allegation as to the time of the commission of the crime is a matter of form which may be corrected under various types of statutes authorizing the amendment of indictments. Amendment is not allowed, however, when the circumstances of the case are such that a change must be regarded as a matter of substance, as effecting a change in the offense charged, or as adding an offense. Annot., 14 A.L.R.3d 1297 (1967).

RSA 601:8 provides: "No indictment . . . shall be abated, quashed or reversed for any error or mistake where the person or case may be rightly understood by the court, nor through any defect or want of form or addition; and courts and justices may, on motion, order amendments in any such case." We have long held that the State is not necessarily bound by a date specified in an indictment when time is not an element of the crime charged and proof that the event happened on the precise day named in the indictment is not required. *E.g., State v. Skillings,* 99 N.H. 427, 113 A.2d 490 (1955); *State v. Kennard,* 74 N.H. 76, 65 A. 376 (1906); *State v. Kelley,* 66 N.H. 577, 29 A. 843 (1891); *State v. Blaisdell,* 49 N.H. 81 (1869).

The instant case is not one in which either the date originally contained in the indictment or the amended date falls outside the statutory limitations period. *See State v. Perkins,* 70 N.H. 330, 47 A. 268 (1900); *State v. Havey,* 58 N.H. 377 (1878). Time plays a role in the instant case only insofar as the State must prove that the defendant received the truck in question at the same time that he both knew or believed it to be stolen and intended to deprive its owner of it. RSA 637:7. What is important is not that the defendant committed the alleged crime on a particular day, but that he received the stolen truck at the time he had the requisite mens rea. Thus, the amendment of the indictment was nothing more than a technical change authorized by RSA 601:8.

The defendant further argues that even if the amendment to the indictment was otherwise permissible, it was improperly allowed in the present case because he was "surprised during the middle of the trial and at the outset of his case in chief with regard to the facts presented against him." We agree that an amendment to an indictment might be disallowed, or might constitute ground for a new trial, if the amendment surprises the de-

190

fendant and this surprise prejudices his defense. *See* 58 Am. Jur. 2d *New Trial* § 159 (1971). We find no such prejudice, however, under the facts presented in this case.

■ "[T]he matter of a continuance is within the sound discretion of the trial judge." *State v. Linsky,* 117 N.H. 866, 379 A.2d 813 (1977). Here, the trial judge offered to postpone the proceedings for one day to allow the defendant time to respond to the change in the indictment. We see no reason to reverse this exercise of discretion. The trial court could properly have determined that only a one-day continuance was needed to enable the defendant to reconsider his defense. *See State v. Crockett,* 116 N.H. 324, 358 A.2d 414 (1976). The defendant implies that he required more than one day to explore a possible alibi defense regarding his activities on February 27, 1976. Yet, the revised indictment charges the defendant with the commission of the offense on *or about* February 27, 1976. This would permit him to be prosecuted for commission of the crime on any date reasonably proximate to February 27, 1976, and including March 13, 1976, the date on which defendant admits he came into possession of the truck. *See e.g., State v. Skillings,* 99 N.H. 427, 113 A.2d 490 (1955); *State v. Kennard,* 74 N.H. 76, 65 A. 376 (1906). Moreover, the defendant never claimed that he did not receive the truck. He never filed any notice of alibi, as required by Superior Court Rule 101 (1977). Rather, his defense is that he lacked the requisite culpable state of mind to be convicted. We therefore cannot accept his argument that the failure to grant his requested three- or four-week continuance was reversible error.

■ The final issue to be resolved is whether, as the defendant submits, the State failed to prove the mens rea alleged in the indictment. Under RSA 637:7 I, a person commits the crime of receiving stolen property if he either knows the property was stolen or believes it was stolen. According to the defendant, the indictment charged both that he knew the truck was stolen *and* that he believed it was stolen. Therefore, he argues, the State must prove the higher mens rea, i.e., that the defendant knew the truck was stolen. Irrespective of the possible validity of this argument in the abstract, it must be rejected as inapplicable in this case. The defendant misreads the indictment, which charged that the defendant "did knowingly receive a . . . pickup . . . believing that it had probably been stolen . . . ." The trial court correctly gave this language its only sensible, grammatical interpretation: the indictment

charged that the defendant was aware of receiving a pickup truck which he believed had probably been stolen. The indictment did not allege that the defendant knew the truck was stolen.

*Exceptions overruled.*

LAMPRON, J., did not sit; the others concurred.