Merrimack
No. 84-580

# THE STATE OF NEW HAMPSHIRE

v.

# JAMES MEEKINS

April 9, 1986

*Stephen E. Merrill*, attorney general (*Tina Schneider*, attorney, on the brief), by brief for the State.

*Joanne S. Green*, assistant appellate defender, of Concord, by brief for the defendant.

PER CURIAM. After a jury trial, the defendant was convicted of aggravated felonious sexual assault, RSA 632-A:2, XI (Supp. 1983), and now appeals from the Trial Court's (*Bean*, J.) denial of his motions to set aside the verdict and for judgment of acquittal notwithstanding the verdict. For the reasons set forth below, we affirm.

James Meekins was charged with the sexual assault of a seven-year-old girl. The indictment against him charged that the crime occurred during November/December 1983. Upon the granting of the defendant's motion for a bill of particulars, the State specified the date and time of the alleged incident as "December 23, 1983 after 8:00 p.m." Later, over defendant's objection, but in advance of trial, the bill was amended specifying December 23, 1982, as the date of the offense. The defendant moved to dismiss at the close of the State's case on the ground that the State had failed to prove all the necessary elements of the crime sufficiently to allow the case to go to the jury. The motion was denied.

The only issue raised on appeal is whether the State proved the date of the offense beyond a reasonable doubt. We hold that it did.

 If the date an offense is committed is not an essential element of the crime, the State is not necessarily bound to the date specified in the indictment. *State v. Spade*, 118 N.H. 186, 189, 385 A.2d 115, 116 (1978). In such cases, "an erroneous or defective allegation as to the time of the commission of the crime is a matter of form which may be corrected under various types of statutes authorizing the amendment of indictments." *Id.* However, where a bill of particulars has been filed which specifies the date of the offense, its "terms . . . are exact allegations that must be proved as elements of the offense charged. A bill of particulars limits proof to what it specifies, and requires proof of what it specifies." *State v. Boire*, 124 N.H. 622, 624, 474 A.2d 568, 569–70 (1984).

██ ██ By virtue of its bill of particulars in this case, the State was obliged to prove the date of the alleged assault beyond a reasonable doubt. *Boire, supra* at 625, 474 A.2d at 570. On appeal, the standard for determining whether the State has met its burden on this issue is "whether on all the evidence, and all reasonable inferences from it, considered in the light most favorable to the State, any rational trier of fact could have concluded beyond a reasonable doubt that the offense occurred on [the date specified in the bill of particulars]." *Id.*

■ In the present case, because of the victim's youth, it was necessary that the State prove the date of the assault by the use of circumstantial evidence, a method of proof permitted under New Hampshire law. *See State v. Wayne Kelley*, 120 N.H. 14, 16, 413 A.2d 300, 302 (1980); *State v. Canney*, 112 N.H. 301, 302, 294 A.2d 382, 383 (1972). The victim testified that the assault took place while she was watching the movie "Chitty Chitty Bang Bang" in the defendant's trailer. She testified that she watched the movie on a portable television, which was seated atop a larger console television. She also testified that her sister and the defendant's daughter were present at the time of the assault, but did not remember if they were present in the room where the assault actually occurred. A representative from television station Channel 56 testified that his station has the exclusive rights to play that film from 1976 through 1990 and that it showed the movie on December 23, 1982, the date specified in the amended bill of particulars. He further testified that his station's signal is strong enough to reach the Concord area. On cross-examination, however, he admitted to being unsure how far north Channel 56's exclusive rights to the film extend.

The victim's counselor testified that the child's story had been "entirely consistent" and that her vagueness as to details such as the date of the assault was typical of children her age. A social worker testified that extensive research was done on the question of the showing of the film and stated, "[w]e determined that the last playing . . . anywhere in this area of New England in terms of reception occurred in December of 1982." He further testified that the victim told a consistent story, though with some vaguenesses, and that the defendant was inconsistent. Like the victim's counselor, the social worker had no doubt that the child had been sexually abused.

The defense called a representative from Continental Cable Vision who testified that it would be difficult to receive Channel 56 without cable, which the defendant did not have on December 23, 1982. However, on cross-examination, he also testified that he did not know whether the defendant would be able to receive Channel 56 at his trailer at the time of the incident.

The defendant challenged the victim's testimony with respect to the collateral evidence relating to the presence of the defendant's daughter in the trailer at the time of the assault. The victim's mother testified that his daughter was not living with him in December 1982, that his daughter was not returned to him until March 1983, and that she knew of no occasion prior to July 1983 when her children visited the defendant's trailer in order to play with the defendant's daughter. She also stated that her children would have no reason to visit the defendant when his daughter was

not living with him. This testimony in reference to the defendant's daughter's whereabouts in December 1982 was corroborated by another social worker. In addition, the same social worker testified that he saw no console television in the defendant's trailer until January 1983, that he never saw a portable television, and that the defendant would have had no contact with his daughter on December 23, 1982. On cross-examination, he admitted that he was vague as to some dates and that, when he visited the defendant's trailer, he did not specifically pay attention to its furnishings other than to see that all basic necessities were present.

Thus, in addition to the victim's mother's testimony, the only direct conflicts in the evidence related to the presence of the defendant's daughter at the time of the assault and the presence of the televisions in the defendant's trailer on the date of the assault. These inconsistencies in the testimony were for the jury to resolve. *State v. Berry*, 117 N.H. 352, 355, 373 A.2d 355, 357 (1977). We hold that, on the evidence adduced at trial and summarized above, a rational trier of fact could have found beyond a reasonable doubt that the offense occurred on December 23, 1982. The decision of the trial court denying defendant's motions is therefore affirmed.

*Affirmed.*