Auburn District Court
No. 88-309

## The State of New Hampshire

v.

## Lawrence R. Homo

December 28, 1989

*John P. Arnold*, attorney general (*David S. Peck*, assistant attorney general, on the brief and orally), for the State.

*Lawrence R. Homo*, by brief and orally, *pro se*.

THAYER, J. The defendant, Lawrence R. Homo, was tried and convicted in the Auburn District Court (*Larson*, J.) for driving an overweight motor vehicle in violation of RSA 266:18-a, II (Supp. 1988), and for operating a motor vehicle with a bald tire in violation of RSA 266:49, IV. Mr. Homo makes three arguments on appeal: (1) that there was insufficient evidence to find that he had operated the vehicle on a public way; (2) that the trial court erred as a matter of law in not allowing the defendant to call a witness to testify that the road on which the defendant was traveling was a part of the interstate and defense highway system; and (3) that the complaints did not contain sufficient specificity to withstand Mr. Homo's motion to dismiss. For the reasons that follow, we dismiss the appeal from the overweight vehicle conviction and affirm the bald tire conviction.

According to the record, Northwood Police Chief George Jacobs received three telephone calls on Sunday, March 14, 1988, concerning a truck parked along the westbound side of Route 4, facing east, in Northwood. Chief Jacobs drove to where the truck was located, and when he arrived he saw Mr. Homo and his wife changing a flat tire on a 1968 Mack stake body, two-axle vehicle. Inspector Virginia Kelly-Todd arrived on the scene shortly thereafter. There was evidence that the truck had sustained a blowout and flat tire on the previous Thursday night or Friday morning while Mr. Homo was on his way to Madbury Metals, which is in Madbury. The truck was on the north side of the road facing oncoming traffic, and in response to Chief Jacob's request that Mr. Homo move his vehicle to a safer location, the defendant drove the truck across the road to a lot on the south side of Route 4.

Inspector Kelly-Todd thought the truck might be overweight, and after putting the truck on scales, she determined that the truck weighed 35,600 pounds. Because the truck did not have an increased weight certification sticker, *see* RSA 266:18-d (Supp. 1988), Inspector Kelly-Todd issued Mr. Homo a complaint and summons for exceeding the permissible weight of 33,400 pounds for two-axle vehicles. *See* RSA 266:18-a, II (Supp. 1988). After

inspecting the truck further, Chief Jacobs and Inspector Kelly-Todd noticed that the right rear tire was bald. Chief Jacobs then proceeded to issue a complaint and summons to Mr. Homo for driving a vehicle with an unsafe tire. *See* RSA 266:49, IV.

Prior to trial, Mr. Homo moved to dismiss both complaints on the ground that they failed to use the precise statutory language of the offenses with which he was charged and were, therefore, insufficient to state a claim. Finding that the complaints contained sufficient specificity to apprise the defendant of the offenses with which he was charged, the trial court denied this motion. Later, after the State presented its case, the defendant moved to dismiss the complaints on the ground that there was insufficient evidence of Mr. Homo's voluntary operation of the vehicle, which is an element of both offenses. Based on the evidence that Mr. Homo was voluntarily driving the truck to Madbury Metals when his tire went flat, the trial court denied this motion as well.

The complaint for driving an overweight truck alleged that on March 14, 1988, Mr. Homo operated a Mack truck on a public way, to wit, Route 4 in Northwood. It stated that the truck was "overweight over road limit (gross) 33,400/35,600 contrary to RSA 266:18." RSA 266:18 (Supp. 1988) prohibits driving a two-axle vehicle which has a gross weight over 33,400 pounds "on the interstate and defense highway system of this state ...." RSA 266:18, II(a) (Supp. 1988). RSA 266:18-a (Supp. 1988) prohibits driving a two-axle vehicle with a gross weight over 33,400 pounds "on ways of this state, other than on the interstate and defense highway system ...." RSA 266:18-a, II(a) (Supp. 1988). During the hearing on the defendant's pre-trial motion to dismiss, the district court ruled that Route 4 in Northwood was not a part of the interstate and defense highway system. It became clear during trial that the State was proceeding under RSA 266:18-a (Supp. 1988) and not under RSA 266:18 (Supp. 1988), as the complaint indicates, and the complaint was constructively amended at that time, to which the defendant did not object.

The complaint for driving a vehicle with a bald tire alleged that on March 14, 1988, Mr. Homo operated a 1968 Mack truck on Route 4 in Northwood with a "bald tire (outside rear right) contrary to RSA 266:52." RSA 266:52 had been repealed effective January 1, 1987, and the complaint was amended prior to trial to refer to RSA 266:49, IV.

After a trial on these two complaints, as amended, the trial judge found Mr. Homo guilty of committing both violations, and ordered him to pay fines of $110 for the overweight vehicle violation and

$55 for the bald tire violation. The defendant appealed both convictions to this court. Prior to the date set for oral argument, the State moved to dismiss Mr. Homo's appeal of the conviction for driving an overweight vehicle. The basis for the State's motion was that Mr. Homo erred in appealing the overweight conviction directly to the supreme court, and that this court was without jurisdiction to entertain the appeal. We declined at that time to rule on the State's motion, and deferred ruling until after oral argument. For the reasons stated below, we now grant the State's motion to dismiss the defendant's appeal of the conviction for driving an overweight vehicle.

The defendant's right to appellate review is governed by the statute in effect when the appeal was filed. *See Gray v. Gray*, 117 N.H. 826, 828, 379 A.2d 442, 444 (1977). Former RSA 599:1, which was in effect when Mr. Homo filed his appeal to this court, provided in pertinent part:

"A person sentenced by a district ... court ... for any offense which provides the basis for enhanced penalties if the offender is subsequently convicted of the same offense may, at the time the sentence is declared, appeal therefrom to the superior court."

RSA 599:1; *see* RSA 502-A:12 (Supp. 1988) (person sentenced by district court for offense providing enhanced penalties for subsequent conviction of same offense may appeal to superior court). A direct appeal to this court, on the other hand, is authorized only when a person is "sentenced by a district ... court for a violation which does not provide a basis for enhanced penalties for subsequent convictions for the same offense...." RSA 599:1-c, II.

In Mr. Homo's case, the statute providing the penalty for driving an overweight vehicle provides the basis for enhanced penalties for a subsequent conviction of the same offense. *See* RSA 266:25, II (Supp. 1988) (whoever shall drive a vehicle whose weight exceeds that permitted in RSA 266:18-a shall be fined $100 or more for first offense and $250 or more for second offense). Therefore, the defendant's appeal should have been taken to the superior court, and not to this court.

The defendant argued in his objection to the State's motion to dismiss the appeal in part that the State had failed to object to Mr. Homo's statement at the end of the trial in Auburn District Court that he intended to appeal the overweight vehicle conviction to the supreme court, and that the State's motion to dismiss was therefore untimely. Mr. Homo has cited no authority to support his

position that the State has an obligation to object to an appeal before the appeal is filed, or is accepted by this court. Furthermore, Mr. Homo has referred us to no authority to support his position that the State has a duty to give the defendant legal advice about the proper way to file an appeal. The State moved in a timely manner to dismiss the defendant's appeal in part, and we therefore find Mr. Homo's objections to be without merit. Accordingly, because jurisdiction over this appeal properly lies with the superior court, we grant the State's motion to dismiss Mr. Homo's appeal of his conviction for driving an overweight vehicle.

We need not address Mr. Homo's argument that the trial judge erred in not allowing him to call a witness to testify that Route 4 was a part of the interstate highway and defense system, because this argument applies only to the appeal of his conviction for driving an overweight vehicle, which we have dismissed. Therefore, we will now address the two issues that remain insofar as they relate to Mr. Homo's conviction for driving a vehicle with a bald tire.

■ The first argument Mr. Homo makes regarding his bald tire conviction is that there was insufficient evidence for the trial court to have found that the defendant operated his vehicle on a public way. On appellate review of a conviction, the evidence must be viewed in the light most favorable to the State. Evidence will not be deemed insufficient unless no rational finder of fact could have found proof of guilt beyond a reasonable doubt. *State v. Guglielmo*, 130 N.H. 240, 244, 544 A.2d 25, 28 (1987); *State v. Vanguilder*, 126 N.H. 326, 329, 493 A.2d 1116, 1119 (1985).

■ The defendant correctly points out that operation of a vehicle on a public way is an essential element of the offense with which he was charged. See RSA 266:48 ("[i]t shall be unlawful to drive a motor vehicle or trailer upon the ways unless ... tires [are] in safe operating condition ...."); RSA 266:49, IV ("[n]o tire shall be ... in safe driving condition if ... [a] portion of the tread design [is] completely worn, ... [so that it] affect[s] the traction and stopping ability of the tire"). During trial, the court judicially noticed that Route 4 was a public way. The bald tire complaint charges Mr. Homo with driving on March 14, 1988. The defendant argues that he did not voluntarily operate his truck on March 14, but only moved it across Route 4 at Chief Jacob's direction.

There is evidence that Mr. Homo told both Inspector Kelly-Todd and Chief Jacobs on March 14 that he had been on his way to Madbury Metals the previous Thursday night or Friday morning,

when he got a flat tire and pulled the truck off the road. The State relied on this evidence at trial, rather than the fact that Mr. Homo drove the truck across Route 4 on March 14. Furthermore, the trial court based its denial of the defendant's motion to dismiss on its finding that Mr. Homo was driving the truck when the tire went flat. Hence, Mr. Homo's conviction for driving a vehicle with a bald tire was based not on the fact that he drove his truck across Route 4 on March 14, but on the evidence that he had driven the vehicle on a public way the previous Thursday night or Friday morning.

It is well established in New Hampshire that where the time of an offense is not an element of the crime, an improper date will not invalidate the complaint or indictment. *State v. Spade*, 118 N.H. 186, 189, 385 A.2d 115, 116–17 (1978); *State v. Skillings*, 99 N.H. 427, 429, 113 A.2d 490, 491 (1955). Rather than being required to prove that the alleged offense occurred on the date specified in the accusatory instrument in these instances, it is sufficient if the State can prove that the events took place on or about the time indicated in the complaint or indictment. *State v. Skillings*, 99 N.H. at 429, 113 A.2d at 491; *State v. Perkins*, 70 N.H. 330, 331–32, 47 A. 268, 269 (1900); *see State v. Spade*, 118 N.H. at 189, 385 A.2d at 116–17 (State not bound by date specified in indictment if time not element of offense). Time is not an element of the bald tire offense with which Mr. Homo was charged. Therefore, as long as the State could show that the defendant operated his vehicle with a bald tire on Route 4 on or about March 14, 1988, the State need not prove that the violation occurred on the exact date specified in the complaint. Viewing the evidence in the light most favorable to the State, we hold that there was sufficient evidence for a reasonable trier of fact to have found beyond a reasonable doubt that on or about March 14, 1988, Mr. Homo operated his vehicle with a bald tire on a public way in violation of RSA 266:49, IV.

The final argument Mr. Homo makes regarding his bald tire conviction is a single conclusory statement that the complaint must be specific and track the language of the statute to withstand his motion to dismiss. The law could not be more clear, however, that a complaint is adequate if it informs the defendant of the offense charged with enough specificity to enable him or her to prepare adequately for trial and to guard against double jeopardy. *State v. Cote*, 126 N.H. 514, 519, 493 A.2d 1170, 1174 (1986); *State v. Davis*, 99 N.H. 88, 89, 105 A.2d 47, 48 (1954); 1 R. McNamara, New Hampshire Practice, Criminal Practice and Procedure § 309 (1980). Moreover, it is not even necessary to set forth the particular statute upon which the complaint is based. *See* RSA 601:4 ("...

complaint is sufficient if it sets forth the offense fully, plainly, substantially and formally, and it is not necessary to set forth therein the special statute ... on which it is founded").

In this case, the complaint, as amended, charged the defendant with operating his 1968 Mack truck with an outside right rear bald tire, contrary to RSA 266:49, IV. The factual allegations, in combination with a reference to RSA 266:49, IV, were sufficient to apprise the defendant of the offense with which he was charged. Therefore, we hold that the complaint contained sufficient specificity to withstand Mr. Homo's motion to dismiss and, accordingly, uphold his conviction.

*Appeal from overweight vehicle conviction dismissed; bald tire conviction affirmed.*

All concurred.