Department of Labor
No. 97-550

APPEAL OF FRANK J. COFFEY

(New Hampshire Department of Labor)

December 28, 1999

*Douglas, Robinson, Leonard & Garvey, P.C.*, of Concord (*C. Kevin Leonard* on the brief and orally), for the petitioner.

*Prunier, Lloyd and Leonard, P.A.*, of Nashua (*Gerald R. Prunier* on the brief and orally), for the respondent.

THAYER, J. The petitioner, Frank J. Coffey, appeals a decision by the New Hampshire Department of Labor (department) denying his complaint under the New Hampshire Whistleblowers' Protection Act. *See* RSA ch. 275-E (1999). We reverse and remand.

The petitioner worked for the respondent, Colonial Imports, Volvo of Nashua (Colonial Imports), from May 6, 1992, until January 3, 1994, as an automobile sales person and sales manager. In March 1993, Colonial Imports established an incentive program that provided a bonus to sales persons depending on the number of retail deliveries they accumulated. Part of the bonus would be distributed at the end of the year and part would carry over into the next year. On December 15, 1993, another sales person told the petitioner that the incentive plan had been canceled and that no bonus would be paid to sales people at the end of the year. The petitioner asked his supervisor about the cancellation, and she referred him to the

general manager. The general manager reprimanded the petitioner and told him not to discuss the incentive program further.

On January 2, 1994, a co-worker called the petitioner and told him that he should be at work as the rest of his team was already there. The petitioner did not believe that he was scheduled to work that day, but he complied. On January 3, 1994, Colonial Imports terminated his employment. The termination slip indicated that the petitioner was fired because he did not show up for work on January 2, 1994, and because he was late many times.

On December 12, 1996, the petitioner filed a complaint with the department, alleging a violation of the Whistleblowers' Protection Act, because he was fired for reporting his employer's failure to pay wages under the incentive plan. Following a hearing, the department denied the complaint. The department found that Colonial Imports' termination of the incentive plan constituted a failure to pay wages as defined in RSA 275:42 and violated RSA 275:43. The department concluded, however, that the petitioner failed to present sufficient evidence that he was terminated for reporting the violation. Additionally, the department found that the petitioner did not comply with RSA 275-E:4, which required him to make a reasonable effort to restore his rights through his employer's grievance procedure. The petitioner's motion for rehearing was denied.

On appeal, the petitioner argues that: (1) the department violated his due process rights under the New Hampshire Constitution by basing its decision on evidence that was outside of the record; (2) the department's findings were unsupported by proper evidence; and (3) the department erred because there was no evidence in the record that the employer had a grievance procedure through which the petitioner could have attempted to restore his rights.

On appeal, our standard of review is governed by RSA 541:13 (1997).

> Upon the hearing the burden of proof shall be upon the party seeking to set aside any order or decision of the commissioner to show that the same is clearly unreasonable or unlawful, and all findings of the commission upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable; and the order or decision appealed from shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable.

*Appeal of N.H. Dept. of Employment Security*, 140 N.H. 703, 708, 672 A.2d 697, 701 (1996).

The petitioner argues that the department violated his due process rights under the New Hampshire Constitution by basing its decision on evidence that was not in the record, *see* N.H. CONST. pt. 1, art. 15, and that the decision is not supported by the evidence properly before the department. Prior to the hearing, the petitioner contacted Colonial Imports and requested a copy of his personnel file. After intervention by the department, Colonial Imports sent copies of his personnel file to the petitioner and the department. At the hearing, various documents from the file were introduced into evidence. Neither party, however, sought admission of the complete personnel file. The petitioner argues that the department relied on entries from his personnel file which were not introduced at the hearing in deciding to reject his complaint. He argues that this violated his due process rights because he was not given an opportunity to respond to this evidence.

Colonial Imports counters that the petitioner did not preserve his due process argument for appeal because he did not include it in his motion for rehearing to the department. In an administrative appeal pursuant to RSA chapter 541, "the appealing party must first file a motion for rehearing setting forth fully every ground upon which it is claimed that the decision or order complained of is unlawful or unreasonable." *Appeal of Osram Sylvania*, 142 N.H. 612, 619, 706 A.2d 172, 176 (1998) (quotation omitted); *see* RSA 541:4 (1997). Issues not raised in the motion for rehearing cannot be raised on appeal. *Appeal of Osram Sylvania*, 142 N.H. at 619, 706 A.2d at 176.

In his motion for rehearing, the petitioner stated:

[T]he Commissioner unjustly, unreasonably or by error of law relied upon the following to decide this claim;

. . . .

3. that the Commissioner believes that the claimant was late for work other times. This belief [is] completely inconsistent with the testimony of record and all evidence presented at the hearing held on April 7[,] 1997. At no time was any testimony or signed, documented evidence introduced that the claimant was ever late for work any time. If documents exist alleging that the claimant was tardy, late or absent from work, those documents are false and were

discovered or entered into evidence by the Commissioner unlawfully, outside the hearing process or without the knowledge of the claimant which is unjust, unlawful, unreasonable or an error of law.

■ In order to preserve his due process claim under the State Constitution, the petitioner

must fulfill two preconditions before triggering a State constitutional analysis: first, the defendant must raise the State constitutional issue below; second, the defendant's brief must specifically invoke a provision of the State Constitution.

*Appeal of Atlantic Connections*, 135 N.H. 510, 515, 608 A.2d 861, 865 (1992) (quotation omitted). The petitioner did not specifically invoke Part I, Article 15 in his brief. Rather, he referred to the protection of the State Constitution generally and, as the language from his motion for rehearing demonstrates, he did not articulate his State constitutional claim below. We will therefore only discuss whether the department violated its own rules and regulations in reaching its decision.

■ The petitioner argues that the department violated his rights by considering evidence not in the record. To determine what makes up the record in a whistleblower hearing, we turn to the department's own rules. An administrative agency must follow its own rules and regulations. *See Appeal of Gielen*, 139 N.H. 283, 288, 652 A.2d 144, 147 (1994). The rules in place at the time of the petitioner's hearing stated that "[a]ll parties to a dispute subject to this chapter shall disclose to all parties in advance of the hearing the nature of all evidence and submissions to be presented. All parties shall present all evidence during the hearing held under this part." N.H. ADMIN. RULES, Lab 204.06(a) (effective September 27, 1991; amended November 16, 1997; expired March 16, 1998). Further, the rules stated that "[a] determination shall be made by the hearings officer on the basis of the evidence presented at the hearing." N.H. ADMIN. RULES, Lab 204.06(g) (effective September 27, 1991; amended November 16, 1997; expired March 16, 1998).

In reaching its conclusion that the petitioner was not fired for reporting the wage violation, the department relied on the following evidence: a December 7, 1993, written warning to the petitioner for leaving a customer unattended and the petitioner's failure to report to work on January 2, 1994. The department then concluded that the January 2, 1994, incident, coupled with "other entries" in the

petitioner's personnel file, gave the employer sufficient cause to terminate the petitioner's employment. The first two items from the personnel file were introduced into the record at the hearing. The "other entries" referred to appear to be items in the personnel file that were not introduced at the hearing.

Colonial Imports argues that the petitioner was aware that the department had the entire personnel file because Colonial Imports had sent the entire personnel file to the petitioner and the department pursuant to instructions of the department that the petitioner was entitled to his file under RSA 275:56 (1999). This does not mean that the entire file could be considered by the hearing officer. Colonial Imports did not introduce the entire personnel file into evidence at the hearing. Therefore, the department violated Rule 204.06(g) when it relied upon the "other entries" from the file that were not introduced into evidence to determine the validity of the petitioner's complaint.

"We will not set aside an agency's decision for a procedural irregularity . . . unless the complaining party shows material prejudice." *Appeal of Comm. to Save the Upper Androscoggin*, 124 N.H. 17, 27, 466 A.2d 1308, 1314 (1983) (quotation omitted). The department based its decision on both items that were properly before it, and on "other entries" from the personnel file that were not properly before it. After reviewing the record, we cannot say that the department would have made the same decision had it not improperly relied on the other entries as evidence. *See Appeal of City of Portsmouth, Bd. of Fire Comm'rs*, 137 N.H. 552, 557, 630 A.2d 769, 772 (1993).

█ Because we hold that the petitioner was materially prejudiced by the department's error, we reverse and remand. We note that a procedural issue as to whether or not the petitioner complied with RSA 275-E:4, I (1999), which requires "[a]ny employee who alleges a violation of rights . . . [to] first [make] a reasonable effort to maintain [his] rights through any grievance procedure or similar process available," was ruled on by the department. That ruling, however, lacked any findings as to whether a grievance procedure existed. On remand, we direct the department to make sufficient factual findings and rulings of law on this issue based on the record before it in order for us to adequately address it on appellate review, if the issue is raised on remand.

*Reversed and remanded.*

All concurred.