Department of Labor
No. 98-180

APPEAL OF SMITHFIELD DODGE, INC. d/b/a NISSAN OF EXETER

(New Hampshire Department of Labor)

March 24, 2000

*Mark F. Sullivan,* of Exeter, by brief and orally, for the petitioner.

*Philip T. McLaughlin*, attorney general (*Wynn E. Arnold*, senior assistant attorney general, on the brief and orally), for the State, as *amicus curiae.*

*William J. Ouellette, pro se,* filed no brief.

PER CURIAM. The petitioner, Smithfield Dodge, Inc. d/b/a Nissan of Exeter, appeals a decision of the New Hampshire Department of Labor (DOL) finding that the petitioner fired William J. Ouellette in violation of the New Hampshire Whistleblowers' Protection Act. *See* RSA ch. 275-E (1999) (amended 1999). We vacate and remand.

The following facts were adduced at the DOL hearing. The petitioner hired Ouellette as its service manager in August 1997. Approximately one week after being hired, Ouellette was asked to label and mail recall notices. Ouellette initially refused because, in his experience, he had never seen a dealership mail recall notices. Ouellette discussed his concerns with the general manager who, according to Ouellette, admitted that the recalls were a ruse to drum up additional business. Ouellette labeled approximately 1500 of the 3500 cards, which were later mailed. Approximately one week later, the petitioner terminated Ouellette. Ouellette filed a complaint with the DOL alleging a violation of section three of the Whistleblowers' Protection Act, *see* RSA 275-E:3 (1999), because he was fired for refusing to send out the false recall notices. Following a hearing, the DOL found that "the claimant is seeking protection under the wrong section of the Whistleblowers' Protection Act," and ruled that the petitioner violated RSA 275-E:2 (1999). The petitioner's motion for rehearing was denied, and this appeal followed.

The petitioner contends that the DOL erred by: (1) basing its decision on RSA 275-E:2 (section two) when Ouellette's complaint alleged a violation of RSA 275-E:3 (section three); (2) failing to address the petitioner's valid business reason for terminating Ouellette; and (3) finding that the petitioner violated RSA chapter 275-E. Because we find that the DOL erred in basing its decision on section two, we vacate and remand.

Our standard of review is governed by RSA 541:13 (1997), which states:

Upon the hearing the burden of proof shall be upon the party seeking to set aside any order or decision of the commissioner to show that the same is clearly unreasonable or unlawful, and all findings of the commission upon all questions of fact properly before it shall be deemed to be prima facie lawful and reasonable; and the order or decision

appealed from shall not be set aside or vacated except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable.

The petitioner argues that the DOL violated its own rules by finding a violation of section two when Ouellette's complaint alleged only a violation of section three. While the petitioner makes a passing reference in its brief to alleged violations of its due process rights under the State Constitution, the petitioner has not preserved this argument for appellate review. In its motion for rehearing, it did not articulate a State constitutional claim. *See Appeal of Coffey*, 144 N.H. 531, 534, 744 A.2d 603, 605-06 (1999). We will therefore examine only whether the DOL violated its own rules in reaching its decision.

■ The Administrative Procedure Act requires an administrative agency to follow its own rules. *See Appeal of Gielen*, 139 N.H. 283, 288, 652 A.2d 144, 147 (1994). At the time of the petitioner's hearing, the DOL's rules stated:

Hearings before a hearing officer shall be scheduled for the determination of specified issues duly noticed for hearing. The department shall expand the scope of a scheduled hearing if notice of the added issues with necessary documentation is given to all parties at least 14 calendar days prior to the assigned hearing date. Issues may be added at any time without such notice with the consent of all parties.

N.H. ADMIN. RULES, Lab 204.01 (effective November 16, 1997; expired March 16, 1998). Additionally, Rule 204.06(c) required that "[t]he hearing officer shall at the outset of the hearing record the place, time and date and issues of the hearing together with the names of those parties making appearances." N.H. ADMIN. RULES, Lab 204.06(c) (effective November 16, 1997; expired March 16, 1998).

Ouellette filled out a whistleblowers' complaint alleging he was fired for refusing to execute an illegal directive. The DOL sent the petitioner a cover letter notifying it that a complaint was filed against it pursuant to RSA chapter 275-E, and included a copy of the complaint and a two-page statement by Ouellette. At the start of the hearing, the hearing officer set forth the issues as follows: "Mr. Ouellette alleges that he was illegally discharged on August 20, 1997, in violation of RSA 275-A, Section 3."

Section three states:

No employer shall discharge, threaten or otherwise dis-
criminate against any employee regarding such employee's
compensation, terms, conditions, location, or privileges of
employment because the employee has refused to execute a
directive which in fact violates any law or rule adopted
under the laws of this state, a political subdivision of this
state, or the United States.

Section two provides, in pertinent part:

I. No employer shall discharge, threaten, or otherwise
discriminate against any employee regarding such employ-
ee's compensation, terms, conditions, location, or privileges
of employment because:
(a) The employee, in good faith, reports or causes to be
reported, verbally or in writing, what the employee has
reasonable cause to believe is a violation of any law or rule
adopted under the laws of this state, a political subdivision
of this state, or the United States . . . .

Thus, section two does not require an actual violation of a law or
rule but only that an employee reasonably believe that such a
violation has occurred, *see Appeal of Osram Sylvania*, 142 N.H. 612,
618, 706 A.2d 172, 175 (1998), while section three requires that the
directive that the employee has refused to follow is in fact a
violation of a law or rule.

■ At no point prior to the hearing did anyone allege that the
petitioner had violated section two in addition to or separate from
the alleged violation of section three. This allegation was first made
during the petitioner's cross-examination of Ouellette when
Ouellette testified that he believed he was fired not for refusing to
follow an illegal directive, but because he reported an activity that
he believed to be illegal. Even though this testimony may support
the DOL's finding that the petitioner violated section two, the
petitioner, under the DOL's own rules, was entitled to know that it
should be prepared to defend against allegations that it violated
section two. The petitioner was not given notice that Ouellette was
alleging a violation of section two. Discovering on cross-examination
a new possible violation of a separate section of the statute does not
comply with Rule 204.01.

The State contends that the complaint, cover letter, and
Ouellette's statement provided the petitioner notice that it was
accused of violating both section two and section three. We disagree.

The only section of the statute specifically referred to was section three. The attached statement set forth general facts relating to the discharge, but did not allege that Ouellette was fired because he *reported* a directive he believed was illegal rather than that he was fired because he *refused* to follow an illegal directive.

■ The State also argues that Ouellette, who appeared *pro se* at the hearing, should not be required to know the difference between the two sections of the statute when he filled out the preprinted complaint form. This argument is unavailing. *Pro se* litigants have been held "responsible for knowing the content of the court rules applicable to their actions," *DeButts v. LaRoche*, 142 N.H. 845, 847, 711 A.2d 877, 878 (1998), and are likewise responsible for knowing what section of the statute corresponds to the violation they are alleging.

■ Finally, the State contends that section two and section three are substantively equivalent in this case. As evidence of this, the State points to the petitioner's failure to explain what additional evidence it would have brought forth to defend a section two violation as opposed to a section three violation, and therefore contends that no material prejudice resulted from any error. Under the facts of this case, however, we hold that where the petitioner was charged with violating one section of a statute but found liable under another, the petitioner was materially prejudiced.

This case is distinguishable from *State v. Homo*, 132 N.H. 514, 516, 567 A.2d 540, 541-42 (1989). There, even though a complaint alleged a violation of one section of a statute, a conviction under another section was proper because it was clear at trial that the State was in fact proceeding under the other section and the defendant did not object. Thus, the complaint was constructively amended. *Homo*, 132 N.H. at 516, 567 A.2d at 541-42. Here, however, it is not clear from the record that Ouellette was in fact proceeding under section two nor that the petitioner was aware of this and acquiesced. We therefore hold that the petitioner was materially prejudiced by the lack of notice of an alleged violation of section two.

Simply because the DOL found that Ouellette could have brought a successful complaint against the petitioner under section two does not mean that the DOL could so find when such a violation was never alleged. We therefore vacate and remand to the DOL for further proceedings.

*Vacated and remanded.*

THAYER, J., sat but, on administrative leave, did not participate; NADEAU, J., did not sit; the others concurred.