Rockingham
No. 2004-617

HARLEY-DAVIDSON MOTOR COMPANY, INC. & a.

v.

SEACOAST HARLEY-DAVIDSON, INC.

Argued: April 14, 2005
Opinion Issued: June 23, 2005

*Sheehan, Phinney, Bass & Green, P.A.*, of Manchester (*Robert R. Lucic* on the brief), and *Sutherland Asbill & Brennan LLP*, of Washington, D.C. (*Nicholas T. Christakos* and *Jay M. McDannell* on the brief, and *Mr. Christakos* orally), for the appellants.

*Wiggin & Nourie, P.A.*, of Manchester (*Gregory A. Holmes* and *Stephanie A. Bray* on the brief, and *Mr. Holmes* orally), for the appellee.

NADEAU, J. The appellants, Harley-Davidson Motor Company, Inc. (Harley Davidson) and its subsidiary, Buell Distribution Company, LLC (Buell), appeal an order of the Superior Court (*Perkins*, J.) dismissing their appeal challenging the subject matter jurisdiction of the New Hampshire Motor Vehicle Industry Board (board) as premature. We affirm.

The relevant facts are undisputed. The appellants entered into franchise agreements with the appellee, Seacoast Harley-Davidson (Seacoast), authorizing Seacoast to sell the appellants' products within its assigned territory. In February 2003, Harley Davidson advised Seacoast that it intended to reassign nine zip codes located in Massachusetts to a Massachusetts dealer; these zip codes had been previously assigned to Seacoast under its franchise agreement. Seacoast then filed a protest with the board, *see* RSA 357-C:12 (Supp. 2004). The appellants moved to dismiss the protest for failure to state a claim; they advanced several arguments, including that the jurisdiction of the board did not extend to distributor decisions affecting zip codes in Massachusetts. The board denied the motion and the appellants filed an appeal in the superior court. The superior court dismissed the appeal as premature and this appeal followed.

RSA 357-C:12, VII provides that, "Any party to a proceeding before the board may appeal the final order, including all interlocutory orders or decisions, to the superior court within 30 days after the date the board rules on the application for reconsideration of the final order or decision." The question before us is whether a challenge to the board's subject matter jurisdiction is exempt from this limitation on appeal. We conclude that it is not.

■ Because interpretation of a statute is a question of law, we review the issue *de novo. Town of Acworth v. Fall Mtn. Reg. Sch. Dist.*, 151 N.H. 399, 401 (2004). RSA 357-C:12, VII authorizes appeals of final orders within thirty days after the board's ruling on a motion for reconsideration of the final order. The statute expressly permits parties to raise issues related to interlocutory orders in appeals of final orders. It does not, however, authorize a separate, earlier appeal of an interlocutory order.

█ The appellants urge us to extend our holding in *Mosier v. Kinley*, 142 N.H. 415 (1997), to authorize interlocutory appeal of challenges to subject matter jurisdiction. In *Mosier*, we held that a defendant who contests personal jurisdiction must pursue an immediate appeal to this court or waive the ability to later contest the trial court's ruling on the issue. *Id.* at 423-24. The case now before us, however, is not one where litigation of the merits will result in waiver of the issue of subject matter jurisdiction. Unlike personal jurisdiction, the issue of subject matter jurisdiction may be raised at any time in the proceedings because it cannot be conferred where it does not already exist. *Compare Beggs v. Reading Company*, 103 N.H. 156, 158 (1961), *with Route 12 Books & Video v. Town of Troy*, 149 N.H. 569, 575 (2003).

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.