Manchester District Court
No. 2005-373

### THE STATE OF NEW HAMPSHIRE

#### v.

### JONATHAN M. POLK

Argued: June 14, 2006
Opinion Issued: August 4, 2006

*Kelly A. Ayotte*, attorney general (*Stephen G. LaBonte*, assistant attorney general, on the brief and orally), for the State.

*Robert J. Moses*, of Amherst, by brief and orally, for the defendant.

DUGGAN, J. Following a bench trial in Manchester District Court (*Champagne*, J.), the defendant, Jonathan M. Polk, was convicted of disobeying a police officer, a class A misdemeanor. *See* RSA 265:4, I(c), III(a) (2004). The defendant appealed the conviction to this court. Following oral argument before a 3JX panel, the case was submitted to the full court for decision. *See* SUP. CT. R. 12-D(2). We dismiss the appeal.

The defendant's principal argument on appeal is that the trial court should have dismissed the charge because the complaint was defective. At oral argument, however, an issue arose concerning whether we have jurisdiction over a direct appeal from the district court of a class A misdemeanor conviction. The defendant argued that this court has jurisdiction because the "mandatory appeal rule does not differentiate what cases can be appealed here directly."

"[T]he issue of subject matter jurisdiction may be raised at any time in the proceedings because it cannot be conferred where it does not already exist." *Harley-Davidson Motor Co. v. Seacoast Harley-Davidson*, 152 N.H. 387, 389 (2005). Thus, we may address jurisdictional issues even if they are raised for the first time on appeal, *Baines v. N.H. Senate President*, 152 N.H. 124, 128 (2005), and even if they are not raised by the parties, *see Burgess v. Burgess*, 71 N.H. 293, 293 (1902).

RSA 599:1 (2001) (amended 2006) provides in pertinent part: "A person convicted by a district or municipal court of a class A misdemeanor, at the time the sentence is declared, may appeal therefrom to the superior court, which shall hear the appeal" except in cases where the person was convicted by a designated regional jury trial court pursuant to RSA 502-A:12-a (1997). In *State v. Homo*, 132 N.H. 514, 517 (1989), we held that RSA 599:1 requires that district court convictions for the crimes designated in RSA 599:1 first be appealed to superior court; "[a] direct appeal to this court . . . is authorized only when a person is" convicted of a class B misdemeanor. *Homo*, 132 N.H. at 517.

◼ Since *Homo*, the language of RSA 599:1 has undergone revision. *Compare* RSA 599:1 (1986) *with* RSA 599:1 (2001). However, the relevant language, providing that the convictions designated in RSA 599:1 "may" be appealed from the district court to the superior court, had not changed at the time the defendant filed his appeal. *See Homo*, 132 N.H. at 517 ("The defendant's right to appellate review is governed by the statute in effect when the appeal was filed."). Given the lack of a significant statutory change, *Homo* remains good law so that a person convicted of a crime designated in RSA 599:1 must still first appeal to the superior court. *Homo*, 132 N.H. at 517. Thus, the defendant's class A misdemeanor conviction in district court cannot be directly appealed to this court.

The defendant argues that *Homo* has been modified by the recent amendments to Supreme Court Rule 3 that provide for mandatory appeals. He contends that the amended rule allows a defendant to bypass the superior court because it does not specify which cases can be appealed from the district court directly to this court. We disagree.

◼ Prior to January 1, 2004, this court could decline to accept almost any appeal. *See* SUP. CT. R. 7 (2003). *But see* RSA 630:5, X (1996) (providing for automatic review of capital murder convictions where death penalty is imposed). The amended rule, SUP. CT. R. 3, changed our practice by making acceptance of most appeals mandatory. Nothing in the amended rule, however, suggests that we altered the holding in *Homo*. Additionally, there is nothing to suggest that the mandatory appeal rule amendments were intended to override the requirement that a defendant appeal convictions of class A misdemeanors in district court to superior court.

Finally, we note that the legislature has recently addressed this issue. Effective January 1, 2007, a person sentenced by a district court for a class A misdemeanor may, if no appeal for a jury trial in superior court is taken, appeal therefrom to the supreme court. *See* Laws 2006, 64:1 (amending RSA 502-A:12, II). Until that statute takes effect, however, we continue to

follow our holding in *Homo*. *See State v. Gubitosi*, 152 N.H. 673, 678 (2005) (applying doctrine of *stare decisis* while noting legislature's ability to alter governing standards). Accordingly, we conclude that we lack jurisdiction over this appeal.

*Appeal dismissed.*

BRODERICK, C.J., and DALIANIS, GALWAY and HICKS, JJ., concurred.