**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0292, State of New Hampshire v. Dianne M. Sage, the court on January 20, 2015, issued the following order:**

Having considered the brief and memorandum of law submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The defendant, Dianne M. Sage, appeals her conviction for willful concealment. See RSA 637:3-a, II (a) (Supp. 2014). She argues that the trial court erred in denying her motion to dismiss because: (1) the complaint was defective because it failed to allege that Sears was a "merchant"; and (2) even if the complaint was legally sufficient, the State failed to prove that Sears was a merchant.

We briefly set forth the facts in the record. On August 25, 2013, two loss prevention associates employed by Sears observed the defendant while she was in the Sears store in Newington. During their observation, the defendant took several pieces of jewelry from their boxes, put the items in her backpack and then exited the store without paying for them. The defendant was subsequently charged with willful concealment. During the bench trial, both loss prevention associates testified. After both the State and the defendant had rested, the defendant moved to dismiss the case, arguing: (1) that the complaint failed to allege "a material element of the offense, specifically that Sears is a merchant"; and (2) "[t]he State never proved beyond a reasonable doubt that Sears is a merchant for purposes of what is required under the statute." The trial court denied the motion and the defendant was convicted.

We turn to the first argument presented by the defendant on appeal; that is, that the complaint was defective because it failed to allege that Sears was a merchant. Citing State v. Ortiz, 162 N.H. 585, 590 (2011), the State argues that, because the defendant did not challenge the sufficiency of the complaint until the close of all evidence, his motion was untimely and, thus, our review is confined to plain error. We note that the State did not object to the timeliness of the motion at trial.

We will assume without deciding that the defendant's challenge to the sufficiency of the complaint was timely. See Dist. Div. R. 1.8-A ("Any motion which is capable of determination without the trial of the general issue shall be

raised before trial, but may, in the discretion of the Court, be heard during trial."). It is well established that a complaint is adequate if it informs the defendant of the offense charged with enough specificity to enable her to prepare adequately for trial and to guard against double jeopardy. State v. Homo, 132 N.H. 514, 519 (1989). The complaint in this case charged the defendant with violating "RSA 637:3-A II A," specifying that "with the purpose of depriving Sears of merchandise, she knowingly removed 3 bracelets, a necklace and a pair of earrings from the premises without paying the stated price, total value being $479.95." RSA 637:3-a, II(a) provides that "[a] person commits theft if, with the purpose to deprive a merchant of goods or merchandise, he or she knowingly . . . [r]emoves goods or merchandise from the premises of a merchant." We conclude that the factual allegations, in combination with the reference to RSA 637:3-a, II(a), were sufficient to apprise the defendant of the offense with which she was charged. See Homo, 132 N.H. at 520.

The defendant also argues that the State "failed to prove that Sears is a merchant." To prevail on her challenge to the sufficiency of the evidence, the defendant must prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. State v. Dorrance, 165 N.H. 162, 164 (2013). The defendant argues that because there was no testimony that Sears is a merchant within the meaning of the statute and the trial court did not take judicial notice of this fact, the State did not meet its burden of proving this element. We disagree.

RSA 637:2, VI (Supp. 2014) defines "merchant" as "the owner or operator of any place of business where merchandise is displayed, held, or stored, for sale to the public, or any agent or employee of such owner or operator." The evidence presented in this case included the testimony of two witnesses who identified themselves as "loss prevention associates" employed by Sears. They also referred to the "store," "mall," "register," "receipt," "payment," and "cashier." The testimony identified different areas and merchandise within Sears and included the statement that after the defendant put the jewelry in her backpack, "she went to a rack where there [were] shoes" and put a pair "under her arm and headed to the mall entrance where she laid the shoes down just before exiting into the mall." Cross-examination by defense counsel of one associate included the following exchange:

Q: And how many -- and so you're viewing people constantly
   throughout the day on closed circuit television?
A: Yes.
Q: To see if anyone's doing anything suspicious; is that right?

A: Yes.
Q: And so you must have viewed hundreds of people since that incident, correct?
A: Yes.
Q: Have you made -- how many people have been caught shoplifting since this incident; would you say?
A: Since I started becoming --
Q: Since August 25th.
A: Oh, oh. I want to say close to 100.

Based upon the record before us, we conclude that the evidence was sufficient to establish that Sears was a "merchant" as defined in RSA 637:2, VI.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**