**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2018-0288, <u>Town of Moultonborough v. Frederick Smith</u>, the court on February 28, 2019, issued the following order:**

The defendant's motion for reconsideration is granted in part. Our order of January 31, 2019, in which we dismissed this appeal for lack of jurisdiction, is withdrawn, and is replaced with the following order.

The defendant, Frederick Smith, filed a notice of appeal seeking to appeal an order of the Circuit Court (<u>Vetanze</u>, J.), following a hearing, upholding a cease and desist order (CDO) issued by the Town of Moultonborough for a violation of the town's zoning ordinance, and requiring him to correct the violation within 90 days. <u>See</u> RSA 676:17-a (2016). RSA 676:17-a provides a procedure by which a municipality may issue a CDO "against any violation of . . . any local [zoning] ordinance." The statute requires that the municipality specify in the CDO, among other things, "[t]he precise regulation, provision, specification or condition which is being violated," and "[t]he facts constituting the violation." RSA 676:17-a, I(a) & (b). The statute requires service of the CDO upon the landowner and, if the landowner wishes to dispute any of the facts alleged in the CDO, service of an answer to it. RSA 676:17-a, II & V. If the landowner serves an answer, "further proceedings in the action shall be governed by the rules of the district [division of the circuit] court." RSA 676:17-a, VII; <u>see</u> <u>also</u> RSA 490-F:3 (Supp. 2018) (granting circuit court the jurisdiction, powers, and duties conferred upon the former district courts). Under those circumstances, the trial court will either sustain the CDO after trial, in which case it will "enter judgment and . . . fix a time within which the corrective action shall be taken, in compliance with the [CDO] as originally filed, or as modified," or it will not sustain the CDO, in which case the CDO "shall be annulled and set aside." <u>Id</u>. The statute specifically provides that "[a] party aggrieved by the judgment of the [circuit] court may appeal, within 15 days after the rendering of such judgment, to the superior court." RSA 676:17-a, X.

The record in this case reflects that the CDO issued by the town notified the defendant that his use of his property violated: (1) Article III of the town's zoning ordinance, a broad section of the ordinance containing all of the ordinance's general provisions; and (2) a specific provision of the ordinance that permits a commercial use within the town's Residential/Agricultural zoning district only if the ordinance's table of uses allows the use by special exception, and only if the landowner first obtains a special exception from the

zoning board of adjustment and site plan approval from the planning board. The CDO then identified the following facts as constituting the violation: "[t]he storage of numerous boats, vehicles and assorted parts without approvals from the Zoning Board and Planning Board." In sustaining the CDO, the circuit court found that the property amounted to an unpermitted "junk yard." The defendant moved for reconsideration, and the trial court denied the motion, finding that there was "no point of law or fact overlooked by the Court."

The defendant filed a notice of appeal with this court within fifteen days of the circuit court's notice of decision denying his motion to reconsider, arguing, in part, that the circuit court had erred because the CDO did not specify that he was violating the ordinance by using the property as a junk yard, and did not specify any of the ordinance's provisions pertaining to junk yards. As noted above, however, RSA 676:17-a, X provides a right of appeal within fifteen days of the circuit court's judgment to the <u>superior court</u>, not to this court. Thus, in our order of January 31, 2019, we concluded, <u>sua</u> <u>sponte</u>, that we lacked jurisdiction over the appeal, and dismissed it. The defendant moved to reconsider the dismissal, submitting with his motion a copy of the hearing notice that the circuit court issued to the parties, which contained the following language pertaining to his appeal rights:

## NOTICE OF APPELLATE RIGHTS

The party who receives an adverse decision in the District Division . . . has the right to appeal the decision by filing an appeal with the New Hampshire Supreme Court. This is an appeal only on the questions of law. In other words, the Supreme Court will not consider questions of fact already decided by the District Division . . . The appeal must be filed with the Supreme Court within 30 days of the date of the District . . . Division's written notice of decision.

The defendant additionally asserted in his motion that, consistent with the hearing notice, he was verbally instructed by circuit court clerk's office staff to file his appeal with this court.

Notwithstanding that the notice of appellate rights, although accurate as to most cases, was clearly erroneous as to this case, we conclude that we lack jurisdiction over the merits of the appeal at this time. Jurisdiction cannot be conferred by the circuit court where it does not already exist. <u>See</u> <u>State v. Polk</u>, 154 N.H. 59, 59 (2006). When, as in this case, the legislature has provided a right of appeal from a proceeding in circuit court to the superior court, a party to such a proceeding may not circumvent the statutory appeal process by filing an appeal directly with this court; under those circumstances, this court lacks jurisdiction over the appeal. <u>See</u> <u>id</u>. at 60-61 (2006) (rejecting argument that, because defendant's class A misdemeanor conviction met the definition of

2

mandatory appeal under Rule 3, he was allowed to appeal to this court and bypass statutory appeal to superior court); Whispering Pines v. Gagnon, 132 N.H. 624, 625 (1989) (dismissing appeal of landlord-tenant judgment from district court for lack of jurisdiction because, at the time of the judgment, the landlord-tenant statute provided right of appeal to superior court); State v. Homo, 132 N.H. 514, 517-18 (1989) (dismissing appeal to this court from misdemeanor conviction in district court because, at the time of the conviction, the governing statute provided right of appeal to superior court). RSA 676:17-a, X clearly provides the right to appeal a circuit court decision sustaining a CDO to the superior court. Thus, until the superior court rules on an appeal of an order sustaining a CDO, we lack jurisdiction over the merits of the appeal, and we deny the defendant's implied request in his motion for reconsideration that we consider the merits of the appeal at this time.

Nevertheless, our jurisdiction does include "general superintendence of all courts of inferior jurisdiction," including the circuit court, "to prevent and correct errors and abuses," and to "do and perform all the duties reasonably requisite and necessary to be done by a court of final jurisdiction of questions of law and general superintendence of inferior courts." RSA 490:4 (2010). We conclude that, when a party has timely filed an appeal in a court lacking jurisdiction in reliance upon erroneous instructions by the trial court, our general superintendence of the trial courts includes the authority to transfer the case to the court having jurisdiction. See Jones v. Manns, 602 N.E.2d 217, 220-22 (Mass. App. Ct. 1992) (holding that, when appealing party timely filed appeal in court lacking jurisdiction due to court clerk's alleged incorrect advice and statements of trial judge consistent with that advice, appeal would be transferred to the court having jurisdiction); see also Union Elec. v. Bd. of Property Assess., 746 A.2d 581, 584 (Pa. 2000) (holding that, in "extraordinary circumstances," when a jurisdictional appeal deadline is missed as a result of a "breakdown in the [trial] court's operations through a default of its officers," an appeal nunc pro tunc may be allowed to remedy injustice (quotations omitted)); Com. Dept. of Transp. v. Emery, 580 A.2d 909, 912 (Pa. Commw. Ct. 1990) (upholding trial court's decision to allow untimely appeal of a driver's license suspension nunc pro tunc because delay in appeal was caused by incorrect recording of appealing party's plea to the underlying speeding charge, "which clearly constituted a breakdown in court operations"); cf. Appeal of Cole, 171 N.H. ___, ___, 196 A.3d 950, 955-58 (2018) (holding that, although appeal was filed in the name of the wrong party and amended, after jurisdictional appeal deadline, to substitute the proper party, this court had jurisdiction because the appeal was timely filed, justice required retroactive substitution of party with standing to pursue appeal, and appellee was not prejudiced).

In this case, the defendant filed his appeal, consistent with RSA 676:17-a, X, within fifteen days of the trial court's order denying his motion for reconsideration. Moreover, he filed the appeal with this court consistent with the notice of appellate rights contained within an official court notice issued by

the clerk of court for the 3rd Circuit Court-Ossipee District Division.  The defendant's reliance upon the official court notice was reasonable.  See Union Elec., 746 A.2d at 584 (holding that appealing parties' reliance upon unauthorized extension of administrative appeal deadline by the governmental board with jurisdiction over appeals was reasonable).  Under the extraordinary circumstances of this case, and pursuant to our "general superintendence of all courts of inferior jurisdiction," this appeal is hereby transferred to the Carroll County Superior Court to be decided there as if it had been filed there in the first instance.  Accordingly, the clerk is directed to send to the clerk of the Carroll County Superior Court: (1) a copy of this order; (2) a copy of the notice of appeal; (3) a copy of the appendix to the notice of appeal; and (4) the transcript of the merits hearing in the circuit court.

So ordered.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**