# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2024-0023, <u>Appeal of The River Property & Hospitality Group, LLC d/b/a The River Casino & Sports Bar</u>, the court on February 19, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The employer, The River Property & Hospitality Group, LLC d/b/a The River Casino and Sports Bar (River Casino), appeals a decision by the New Hampshire Department of Labor (DOL) concluding that River Casino retaliated against the claimant, Joshua Clemente Rodriguez, in violation of the Whistleblowers' Protection Act, RSA 275-E:3 (2023). On appeal, River Casino argues, among other things, that the DOL erred by resting its conclusion upon forms of retaliation that were not alleged in the complaint. We conclude that the DOL was precluded from considering unalleged forms of retaliation. Accordingly, we reverse the DOL's award of damages to the claimant based upon allegations of retaliation that were not asserted in the claimant's complaint.

## I. Facts

The record contains the following facts. In May of 2021, River Casino hired the claimant to work as a dealer for table games such as Blackjack and Roulette. When the claimant was hired, the director of Human Resources recommended that he participate in a manager's "tip pool" in which dealers give "at least" ten percent of their daily tips to management. The claimant participated in this tip pool for over a year. During this time, he was disciplined multiple times for absences and dress code violations. On March 16, 2023, he also received a written warning for betting against the casino "multiple times throughout his shift" in violation of house rules. The warning explicitly stated that "[d]oing this again will result in termination."

On March 21, 2023, the claimant raised his concerns about the legality of the tip pool to the Executive Director of Casino Gaming, who responded that the practice was voluntary and legal. In response, the claimant stopped participating in the tip pool. Over the next few months, the claimant continued to receive warnings regarding his dealing practices. On June 18, the claimant was terminated for betting on the Roulette wheel he was operating, in violation of house rules and in accordance with his prior written warning.

That same day, the claimant filed a whistleblower complaint, alleging that he was fired for reporting his employer's alleged violation of state and federal law by forcing employees to participate in a manager's tip pool. River Casino objected to the complaint. In response, the DOL held a hearing. The sole question before the hearing officer was whether River Casino terminated the claimant in retaliation for reporting its tip pool practices and refusing to participate in the tip pool.

The hearing officer concluded that the claimant failed to prove that his termination was retaliatory. The hearing officer also concluded, however, that the claimant "established that he refused to participate in [the] illegal activity" of tip pooling and "suffered a punitive ramification" other than termination. Namely, the hearing officer concluded that "as a direct result of this protected refusal, the employer engaged in increased scrutiny" for "dress code violations" against the claimant and assigned the claimant to less profitable tables. As a result, the hearing officer awarded the claimant damages of $11,767.88 which represented the amount the hearing officer found that the claimant contributed to the tip pool.

Following the hearing, River Casino moved for a rehearing, arguing that the decision was erroneous as a matter of law for multiple reasons. The DOL denied the motion, but issued an order correcting scrivener's errors. This appeal followed.

## II. Analysis

On appeal, River Casino first contends that the hearing officer erred by concluding that the claimant suffered alternative, unalleged, and unnoticed forms of retaliation after determining that he failed to prove his only alleged form of retaliation. River Casino also argues that the hearing officer exceeded his authority when he awarded damages to the claimant despite finding that his wrongful termination claim was invalid.

RSA chapter 541 governs our review of DOL decisions. See RSA 275-E:4, II (2023). Under RSA 541:13 (2021), we will not set aside a DOL hearing officer's order except for errors of law, unless we are satisfied, by a clear preponderance of the evidence, that it is unjust or unreasonable. The hearing officer's findings of fact are deemed prima facie lawful and reasonable. RSA 541:13. When reviewing an officer's findings, our task is not to determine whether we would have found differently or to reweigh the evidence. Rather, we must determine whether the findings are supported by competent evidence in the record. Appeal of Preve, 172 N.H. 569, 571 (2019). We review the officer's rulings on issues of law de novo. Id.

2

River Casino first argues that the hearing officer's conclusion that the claimant failed to prove a retaliatory termination required a denial of the complaint.[1]  We agree.

The hearing officer concluded that the claimant did not meet his burden of proving a causal connection between a protected act and the proscribed employment action that he alleged in his complaint, i.e., that he was terminated in retaliation for reporting River Casino's tip pooling practices. More specifically, the hearing officer found that the claimant was terminated for his dealing practices.  As a result, the hearing officer concluded that the claimant failed to prove that his termination constituted an unlawful retaliation.  Instead of denying the claimant's complaint, however, the hearing officer concluded that the claimant "established that he refused to participate in [the] illegal activity" of tip pooling and "suffered a punitive ramification" other than termination.  By doing so, the hearing officer erred, because none of these grounds for relief was pled by the claimant.

We find our holding in Appeal of Smithfield Dodge, 145 N.H. 23 (2000), instructive.  There, the employer argued that the DOL violated its own rules by finding a violation of section two of the Whistleblowers' Protection Act when the complaint alleged only a violation of section three of the Act.  Appeal of Smithfield Dodge, 145 N.H. at 24-25.  We concluded that the Administrative Procedure Act requires an administrative agency to follow its own rules and "[s]imply because the DOL found that [the employee] could have brought a successful complaint . . . under section two does not mean that the DOL could so find when such a violation was never alleged."  Id. at 25-27.  The same rationale applies in this case.  The hearing officer's finding that the claimant could have established a whistleblower's claim pursuant to the unnoticed, alternative forms of retaliation, does not mean that the DOL could properly find a violation of the Act based upon conduct which was never alleged. Accordingly, we reverse the DOL's award of damages based upon allegations of retaliations that were not alleged in the complaint.

<u>Reversed</u>.

DONOVAN and COUNTWAY, JJ., concurred; ABRAMSON, J., retired superior court justice, specially assigned under RSA 490:3, II, concurred.

**Timothy A. Gudas,**
**Clerk**

---

[1] On appeal, the claimant argues that he established that he was wrongfully terminated because he did not participate in the tip pool and, therefore, he is entitled to damages.  However, the claimant did not appeal or cross-appeal the hearing officer's decision.  Accordingly, he has waived any challenge to the hearing officer's ruling that he was not wrongfully terminated.